WESTERN DIST.
*September*, 1834.

TOWLES'S AD'X.
*vs.*
WEEKS ET ALS.

TOWLES'S ADMINISTRATRIX *vs.* WEEKS ET ALS.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF ST. MARY.

Where a succession is administered as an insolvent one, and there are judgment and mortgage creditors, they have the right to demand a forced sale for cash, and in the event of the property not bringing its appraised value, a credit of one year must be allowed.

Where the creditors of an insolvent succession, in which there are minors interested, and who have accepted it with the benefit of inventory, meet and concur with a family meeting, in behalf of the minors, that the property be sold on certain terms and credits, the sale will be legal, and confer a valid title on the purchasers, even if it sell for *less than the appraised value.*

A sound interpretation of the law, in relaiton to the administration of successions, whether vacant or accepted with benefit of inventory, will in many cases, authorise a departure from the rule, requiring property of minors to bring its appraised value, before it can be sold.

On the death of Dr. John Towles, in 1832, his widow was appointed administratrix of his succession, which was regularly accepted on behalf of his minor children, with the benefit of inventory. The administratrix finding the succession insolvent, petitioned the judge of probates of the parish of St. Mary, to call a meeting of creditors, to fix the terms and conditions on which the property belonging to the succession, was to be sold. The creditors assembled and fixed the terms and conditions of sale, without expressly ordering that the property should not be sold, unless it brought its appraised value.

A few days after, a family meeting was called on behalf of the minors, and advised and authorised the sale on the same terms and conditions, which had been fixed by the creditors. The proceedings of the family meeting, and that of the creditors, were duly homologated. The sale proceeded. The first plantation was appraised to seventeen thousand dollars, .

and was adjudicated to the defendants, for fifteen thousand dollars, being a little less than its appraised value.   On being called on to comply with the terms and conditions of sale, the purchasers considered it unsafe to comply, until it should be determined that the sale was legal, and the title such as to prevent its being annulled by the minors, on the ground that the property sold below its appraised value.

The administratrix took a rule on the purchasers, to show cause why they should not execute their notes, and comply with the terms and conditions of sale.

The defendants showed for cause, that the sale was illegal and their title defective, for the following reasons :

1. The adjudication was illegal, because the property was sold below its appraised value, when the legal heirs of Dr. Towles, who are minors, have rights concerned, and are interested in the property, which cannot be sold below its appraised value.

2. The proceedings in relation to said sale, are in other respects illegal and irregular.   They pray that the rule be dismissed, &c.

The judge of probates made the rule absolute, and required the defendants to comply with the terms of sale, or in default thereof, the property would be re-sold on their account. They appealed from this decision.

The principal question on which this case depends, is whether or not, the administratrix of an estate, when the heirs are minors, accepting it with the benefit of inventory, can sell the property belonging to it, below its appraised value ?

*Simon*, for the plaintiff, contended that the sale was legal and binding on the purchasers.   The administratrix had pursued the legal formalities required by law.   The Code requires that the curator of an insolvent succession, should call the creditors together, to deliberate on the most advantageous manner of selling the property of the succession.   *La. Code*, 1160.

40

WESTERN DIST.
September, 1834.

TOWLES'S AD'X.
vs.
WEEKS ET ALS.

2. Administrators of insolvent successions, possess the same powers, and are subject to the same duties, as curators of vacant successions. *La. Code*, 1042.

3. The family meeting has advised the sale, on the terms and conditions fixed by the creditors as most advantageous to the minors. This having been done, the property was to be sold for what it would bring.

*Bowen*, for the defendants.

Two questions present themselves. *First*, will this court decide the validity of the sale to the defendants, under the present proceedings? The cases where the court has decreed payment, notwithstanding a defect of title, was where the contract was perfected, and the dispute arose about its performance. Here it is inchoate, and the purchasers decline it, under the apprehension that it is illegal.

2. The parties on both sides are desirous, that the validity of the contract shall be determined and decided on by the court, and that the question be settled before any further steps are taken.

3. The consequences to the defendants, if compelled to comply with and fulfil their contract, without a decision on their title, would be hazardous. The money would be paid and distributed among many, or perhaps one hundred creditors, and when the minors arrive at full age, they might set aside the sale, and the purchasers lose both the land and the price.

4. This court, in similar cases, has decided on the regularity of the proceedings, and have refused to direct the purchaser to execute his contract, because of irregularities or defects of title. *5 La. Reports*, 434. *7 Martin, N. S.* 93. *6 Martin, N. S.* 659. *5 Martin*, 625.

5. If the question is not decided on now, the defendants, when called on to pay or execute their notes, will have a right to demand security. *7 Martin, N. S.* 93.

6. In regard to the main question, the practice is one way, and the law, perhaps, the other. The object of the law, in a sale by the representatives of minors, and in a sale by an

administrator, are essentially different. In the first case, the law requires that the property should be preserved in nature, for the benefit of the minor, unless a sale is absolutely necessary, or evidently advantageous to him; and in the last case, it should be converted into a general fund for distribution.

WESTERN DIST.
September, 1834.

TOWLES'S AD'X.
vs.
WEEKS ET ALS.

7. In the first place, the tutor must represent a family meeting, decide that a sale is advantageous, and the judge homologate the proceedings, before it can be effected. *La. Code*, 334, 335. In the last case, the administrator can exercise no discretion in the matter; he must sell. *La. Code*, 1051, 1055.

8. In the first case, all the formalities which precede the sale, are regulated with care and precision, and the minor's property is not to be sold for less than its appraised value. *La. Code*, 336, 337. In a sale by an administrator, on the contrary, the Code expressly declares, that it prescribes its terms, and no provision exists, that the property to be sold must produce its appraised value. *La. Code*, 1051.

9. In cases where it is necessary, that the property should bring its appraised value, a provision exists for a re-appraisment, in case the first estimation cannot be obtained. Here no such provision exists. What is to be done? *La. Code*, 337.

*Mathews, J.*, delivered the opinion of the court.

This is an appeal taken by the defendants, from a judgment of the court below, rendered on a rule against them, obtained on the part of the plaintiff, to show cause why they should not be compelled to comply with the conditions of the sale of a certain tract of land, adjudicated to them at a probate sale of the succession of the late John Towles, the property purchased being a part of said succession.

The important facts of the case are as follow : John Towles died intestate, leaving a son, a minor, above the age of puberty, by a former wife, and several children, minors, issue of Ann A. Towles, one of the plaintiffs, and also a large estate, in the parish of St. Mary. The surviving wife took

WESTERN DIST.
September, 1834.

TOWLES'S AD'X.
vs.
WEEKS ET ALS.

on herself the administration of this estate, as natural tutrix of her children, and the son of the first marriage, who has claims against his father's succession, is represented by a tutor, regularly appointed for that purpose. The tutrix, having discovered, that her husband was largely indebted, at the time of his death, to various persons, amongst whom there were creditors by judgments and mortgages, applied to the Court of Probates, to have a meeting of the creditors cited, which was acquiesced in, by the tutor of John T. Towles, the son above alluded to. A meeting of the creditors took place, and in their deliberations, they agreed to the sale of the property now in question, on a credit of one, two and three years, payable by instalments, the purchasers to give notes with sureties, to secure the payment of the price. These terms of sale, were in conformity to the decisions of family meetings, which had taken place in relation to the interests of the minors, touching the succession of their father, which had been regularly inventoried and appraised. In the inventory, the tract of land forming the basis of the present dispute, was appraised to seventeen thousand dollars, but at the adjudication ordered, as above stated, was sold to the defendants, as the highest and last bidders, for fifteen thousand dollars. They afterwards refused to comply with the terms of sale, alleging that they would not acquire a clear and indefeasible title to the property bought, as the future claims of the minor children of the intestate would not be concluded, the property not having brought the full amount of its appraisement.

The legal question arising out of these facts, requires a decision of the court, by which it is to be ascertained, whether our jurisprudence creates any exception to the general rule established by law, which orders, that the property of minors cannot be sold for less than the amount of the appraised value mentioned in the inventory, &c. *La. Code, art* 337.

It is expressly stated, in the article 339, that the prohibition of alienating the immoveables and slaves of a minor, does not extend to a case in which a judgment is to be executed against him, or of a licitation made at the instance

*Where a succession is administered as an insolvent one, and there are judgment and mortgage creditors, they have the right to demand a forced sale, for cash, and in the event of the property not bringing its appraised*

of a co-heir, or other co-proprietor. Here we find a specific exception recognised by law, to the general rule.

towles's ad'x.
vs.
weeks et als.

If resort be made to the Code of Practice, we find the articles 990 and 991, containing provisions authorising creditors of vacant estates to pursue the succession, and force a sale at a credit of one year, and according to the article 992, "the principles contained in the two preceding articles, apply to all successions accepted with the benefit of inventory, whether the heirs are minors or of full age, and to all successions administered by administrators."

The circumstances of the present case, do not bring it within the express provisions of these articles, but the measures adopted by the parties, seem to us to be more favorable to the heirs of Towles's succession, than a strict pursuance of the letter of the law. It is administered as an insolvent estate, and there being creditors by judgments and mortgages, they might have forced a sale for cash, and in the event of the property not selling for its appraised value, a credit of only one year could have been obtained. The creditors have, however, consented to more favorable terms, by permitting a sale on a credit of one, two and three years,

We are inclined to think, that a sound interpretation of all the provisions contained in our legislation, in relation to the administration of successions, whether vacant or accepted with benefit of inventory, will in many cases authorise a departure from the rule, which requires the property of minors to be sold for not less than its appraised value. Perhaps this rule would not be binding on the administrators of any succession administered as insolvent.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be affirmed, at the costs of the defendants.

*value, a credit of one year must be allowed. Where the creditors of an insolvent succession, in which there are minors interested, and who have accepted it with the benefit of inventory, meet and concur with a family meeting, in behalf of the minors, that the property be sold on certain terms and credits, the sale will be legal, and confer a valid title on the purchasers, even if it sell for less than the appraised value.*

*A sound interpretation of the law, in relation to the administration of successions, whether vacant or accepted with benefit of inventory, will in many cases, authorise a departure from the rule, requiring property of minors to bring its appraised value, before it can be sold.*