JEAN BAPTISTE RICHARD, Administrator of the Succession of David Ackison, deceased, *v.* STEPHEN DEUEL and another.

The provisions of arts. 334, 335, 337 of the Civil Code, relate to the sale of property belonging exclusively to minors, not to that of the property of successions, in the hands of an administrator, in which the heirs, whether minors or of age, have but a residuary interest, which can be ascertained only by a full administration. C. C. 1042, 1051.

The nullity resulting from the adjudication of the property of minors at a price less than the appraisement, is a relative one, of which they alone can take advantage. *Per Curiam ;* The formalities prescribed for the sale of property of minors are exclusively for their benefit.

APPEAL from the District Court of St. Landry, *Boyce,* J.

*Swayze* and *Taylor,* for the plaintiff.

*T. H.,* and *W. B. Lewis,* for the appellants.

MORPHY, J. This action is brought upon a note for $551 66⅔, given by the defendants in payment for certain lots of ground in the town of Opelousas, purchased from the estate of David Ackison, junior, deceased, of which the plaintiff is administrator. The defence set up is, that the property for which this, and two other notes, were given, belonged, in whole or in part, to the minor children and heirs of the late David Ackison, junior, and was sold for a less price than the appraisement, whereby the defendants acquired no good or valid title. They further say, that a judgment was rendered against them on the first of these notes, in which it is erroneously stated that they consented to said judgment ; that if they ever gave any such consent, it was given in error, both of fact and of law, as it was but a short time since that they became aware of the fact, that the appraisement of the property was for a higher sum than the price of

the sale. They pray that the sale of the lots of ground may be declared null and void, that the judgment rendered against them may be annulled, and that the three notes by them given may be cancelled, and returned to them. There was a judgment below against the defendants, from which they have appealed.

The record shows, that the property was appraised at $1,800, and was adjudicated for $1,655; that the deceased left a widow and minor children, to whom the price of the property, or whatever may remain after the payment of the debts of the estate, will go ; and that the estate, which was first administered upon by Hilaire Desessarts, is now under the administration of the plaintiff. The record does not show what are the debts of the succession.

The question which this case presents is, whether the provisions of the Civil Code, in relation to the sale of property belonging exclusively to minors, apply to, and must govern sales made by administrators of estates, whether solvent or insolvent. Article 337, which provides that the minor's property cannot. be sold for less than the amount of its appraised value mentioned in the inventory, provides, at the same time, that if there be no offer to that amount, it shall be again offered for sale at public auction, until the price of its appraisement may be obtained, reserving to the judge, with the advice of the family meeting, the power of extending the terms of credit granted, and of giving such other facilities as may procure a prompt and advantageous sale of the property, and of ordering other appraisements in case he shall be satisfied that the sale cannot. be effected at the rate of the appraisement already made. No sale of a minor's property can take place, unless, on the representation of the tutor, a family meeting decides that it is absolutely necessary, or highly advantageous to him. Arts. 334, and 335. All these provisions which are to be found in the chapter of the Code treating of the administration of the tutor, would seem to relate to the separate and exclusive property of minors, in which no persons but themselves have an interest; but when an estate, in which they may be interested, is administered upon, for the purpose of being liquidated, and the balance paid over to them as beneficiary heirs, the property sold can

hardly be considered and placed on the same footing as property exclusively belonging to them.   The powers, rights and duties of an administrator are assimilated by article 1042 to those of curators of vacant estates.   Under article 1051, he must proceed to the sale of the property of the succession he administers, and to the settlement of its affairs, and must pay over to the beneficiary heirs the balance of the proceeds of the sale, if any remains in his hands after discharging the debts of the estate.   In such sales, no law requires that the property shall produce its appraised value, nor that a re-appraisement be made in case the first estimation be not obtained.   In estates accepted with benefit of inventory, and to which an administrator is appointed, the heirs, whether minors or of age, have at best but a residuary interest, which can be ascertained only by a full administration.   We, therefore, think that provisions relating to the sale of minors' property, do not apply to sales of property belonging to such estates; they are administered as insolvent, although they may turn out not to be so.   Such was the opinion intimated by this court in *Towles' Administratrix*, v. *Weeks and others*.   7 La. p. 311.   But even were the property sold to the defendants considered as having belonged to the minor children of the deceased, the nullity resulting from the adjudication of it below the appraisement price is a relative one, of which they alone, when they become of age, can avail themselves.   This provision of law, and the other formalities required for the sale of property belonging to minors, are for their benefit.   They might find it to their interest hereafter, not to disturb the purchaser, but to receive their proportion of the price, and thus ratify the sale which was originally void.   Pothier, Vente, no. 14.   7 Toullier, no. 564.   10 Martin, 281.   6 Ib. N. S. 355.   See also the case of *Rousseau and others* v. *Tète*, 6 Rob. 471.

*Judgment affirmed.*