## SUCCESSION OF WADSWORTH.

In the absence of proof to the contrary, it will be presumed that an order directing a sheriff to sell property of a succession, was regularly issued.

A probate sale will not be set aside, at the instance of the administratrix, on the ground that the description of the property in the advertisement of sale was not a full one, where there is no reason to believe that any injury resulted from the defective description, and the creditors of the succession do not complain.

A probate sale of the property of a succession to which there were no minor heirs, ordered to be made on credit, on the application of the administratrix, for the purpose of paying debts, and not shown to have been made for less than the actual value of the property at the time, will not be set aside on the technical ground that the sale could not be legally made for less than the amount at which the property was appraised in the inventory.

An order for the sale of the property of a succession, made at the suit of an administratrix, without citing the attorney of absent heirs, is not a nullity. Nor will the administratrix be permitted to question the validity of such a sale, made in execution of a decree of a court of competent jurisdiction, provoked by herself, and not appealed from, where the purchaser is satisfied, and the heirs, who alone could have a right to complain, are silent. The administratrix, representing the succession, was authorised to provoke the sale of the property. The omission to cite the attorney of absent heirs was an informality anterior to judgment which could not be enquired into collaterally, though it might subject the administratrix to damages at the suit of the absent heirs. *Per Curiam:* The provisions of the Civil Code, arts. 1042, 1157, are, so far as regards the point under consideration, substantially the same with those of the stat. of 22 February, 1817.

APPEAL from the Second District Court of New Orleans, *Canon,* J. *R. M. Carter,* for the appellants. *Benjamin* and *Micou,* for the administratrix. The judgment of the court was pronounced by

SLIDELL, J. The administratrix of this estate presented a petition to the court in which the succession was opened, praying that a sale of certain property might be made for the purpose of paying debts. Upon this petition a decree was rendered that the sale be made by the sheriff, after the legal advertisements, and on the following terms: the lots in New Orleans for one-fourth cash, and the balance at six and twelve months, for notes secured by mortgage on the lots. Upon a copy of this order addressed to the sheriff, he adjudicated certain lots in New Orleans to the appellants, who took a rule upon the administratrix to show cause why she should not execute a deed to them. The administratrix resisted the application on several grounds, which we shall notice in their order.

1st. That the sale was made by the sheriff without the knowledge or concurrence of the administratrix, or any one representing her.

In reference to this ground of defence the testimony of one of the counsel was taken, who states that his partner left the State a short time before the sale; that his partner did not mention to him that any sale had been advertised, nor was the witness aware of the sale until informed by the sheriff after the sale had been made; that he then called on the administratrix, who told him that she had not been informed of the sale. The counsel further stated that he had given no instructions to the sheriff, nor had been requested to do so by him. It is to be observed that this statement does not negative the idea that the partner of the witness, one of the counsel of record, and who prepared the petition for sale, had ordered the writ of sale to issue. We must presume, in the absence of proof to the contrary, that the writ issued regularly. It was

in fact the prayer of the petition that the sale should be made by the sheriff, and, even without any direction of the attorneys, the clerk might with proprie- ty have issued a mandate to the sheriff. The sheriff, in the execution of that order, did not require the assistance of the administratrix.

II. The next ground of defence is, that the description of the property in the advertisement and adjudication were wholly insufficient to inform purchasers of the location or value of the lots.

The three lots adjudicated to the appellants, with another lot, no. 6, adjudicated to another purchaser, were described In the advertisement as being the property of *Wadsworth's* succession, and situate as follows: "Four certain lots of ground designated on the plan of the same and other lots, as the numbers three, four and five, measuring each twenty-five feet front on St. Mary street, by the same width in the rear, and opening on an alley ten feet wide, by one hundred and fifteen feet four inches and four lines in depth, between parallel lines. No. six measures twenty-five feet front on St. Mary street, one hundred and eighteen feet two inches in depth. on an alley ten feet wide, fifty feet six inches and five lines on another alley ten feet wide in the rear, and one hundred and fifteen feet four inches four lines on the line next to lot no. five." It is true that this description is not in itself a full description. It does not state in what block or square the lots are, nor even the name of the municipality in which they are situated; and it is in proof that in the second municipality there are two streets called St. Mary. But the question is whether these are defects of which the estate can avail itself. The inventory shows that the succession has property which corresponds with that described, giving precisely the same description, with additional particulars. It is not pretended that the property is not owned by the succession, and the only ground of objection is, that the description is not a full one. If there was reason to believe that bidders at the sale had been left in the dark, and that the property had been sacrificed, we might perhaps, at the instance of creditors, refuse to compel the performance of the adjudication. But we have no reason to suppose that any injury was created by the defective description, nor have the creditors asked our interference. So far as the fact of their being two streets called St. Mary bears upon the matter, it affords an argument against the appellee, for property on the other street of that name is proved to be more valuable than the lots sold.

III. The next objection is, that the lots were sacrificed by a sale at much less than their appraised value.

It is not proved that the sale was made at less than the actual value of the lots at the time of sale. The objection is put in argument upon the technical ground, that the sale could not be made for less than the amount of appraisement in the inventory. We think this point is covered by the cases of *Towles* v. *Weeks*, 7 La. 312, and *Richards* v. *Deuel*, 11 Rob. 508. It is particularly to be observed in the present case, that there are no minor heirs, and that the sale was ordered on credit, upon application of the administratrix, and for the purpose of paying debts. We do not consider the case of *Packwood's Succession*, cited by the appellee, as in point. *Ante* p. 96. In that case the order was express to sell according to appraisement, and there were minors interested.

*Lastly.* It is said that the order of court under which the sale was made was irregular, having been obtained without citation of the attorney appointed to represent the absent heirs. The counsel has referred to articles 1042 and 1157 of the Civil Code, the former subjecting administrators to the same

SUCCESSION OF WADSWORTH.

duties and responsibilities as curators, and the latter declaring that the curator's petition for the sale of real estate must be notified to the attorney of absent heirs, contradictorily with whom the order of sale must be made. This legislation is substantially the same, as regards the point under consideration, with the act of 1817. In interpreting that statute we held in *Gibson* v. *Foster*, *ante* 503, that the curator was the representative of the succession and had authority to provoke the sale of the property, and that the omission to cite the attorney of absent heirs did not involve the absolute nullity of the judgment; that it was an informality anterior to judgment, and one which could not be enquired into collaterally, though it might subject the curator to damages at the suit of the absent heirs. Applying that authority to the present case, we cannot treat the decree of the Court of Probates commanding the property to be sold, as an absolute nullity. The purchaser is satisfied with his adjudication, and the heirs, who alone could have a right to complain, are silent. Certainly the administratrix is not to be permitted to question the validity of a public sale, made in execution of a decree of a court of competent jurisdiction, provoked by herself, and unappealed from.

It is therefore decreed that the judgment of the court below be reversed, and that the administratrix do execute an act of conveyance to *Bannister* and *Rigney*, as prayed for in the rule taken by them on the 6th May, 1847; the costs of said rule in both courts to be paid by the succession.