## SUCCESSION OF JOHN GURNEY.

Irregularities and informalities, [which precede the decree of a Probate Court ordering the sale of the property, to pay the debts of the succession, cannot render the decree of the court and the sale under it null and void.

When a court has jurisdiction, its decree protects the purchaser at a probate sale, from all informalities which may have preceded it, in the absence of any charge, or proof of fraud, even though the purchaser be the administrator, or one of the heirs-at-law.

APPEAL from the District Court of the Parish of Natchitoches, *Chaplin*, J. *J. B. Smith*, for plaintiff. *A. H. Pierson*, for opponents and appellants.

LAND, J. The administrator of this estate, was the brother and one of the heirs at law of the deceased. He filed his final account for homologation, which was opposed by his co-heirs, among other matters, on the ground that the lands belonging to the succession had been illegally sold, and that the sale thereof was null and void.

They also commenced a direct action (which was cumulated with the opposition,) to annul the sale, and to subject the lands to further administration.

The grounds of nullity alleged are as follows:

First. The inventory for the same, was made without any notice to them whatever, and without their being present or represented thereat, and the inventory was far below the real value of the same.

Second. The order for sale was granted without any previous notice or citation

to them to show cause against the same, and without any showing whatever made for the necessity of the sale.

Third. The sale was consented to by the attorney of other heirs that were absent, at a time when he could not be acquainted with the wishes of those he represented, and before the delay allowed by law had expired.

Fourth. The sale was made without sufficent advertisement.

Fifth. It was made at a great sacrifice and loss to your petitioners, and without any opportunity on their part to prevent it, or of furnishing means to satisfy the just debts of the succession.

The three first mentioned causes of nullity *preceded the decree of the court ordering the lands to be sold*, for the payment of the debts due by the succession, and are insufficient under our jurisprudence as settled in the cases of *Mitchell's heirs* v. *Michell's curator*, 11 L. 156, and of *Lalane's heirs* v. *Moreau*, 13 L. 431, to annul the sale made by order of the court. They are irregularities which do not render the decree of the court and the sale under it null and void. The *court had jurisdiction* and *its decree protects the purchaser*, although he was the administrator and one of the heirs at law, *in the absence of any charge* or *proof of fraud against him*.

The two other mentioned causes of nullity *followed the order of sale*, but they are not as questions of facts sustained by the evidence. The advertisement was sufficient, and it does not appear that the co-heirs sustained any loss in the sale of the lands. The active competition between bidders at the sale, caused the property to sell for more than its appraisement, and to bring its full market value.

The judgment of the lower court annulled the probate sale of the lands, and rejected a claim placed on the tableau, for the sum of $54 90, the cost of advertising and the fees of the Sheriff for making sale of the lands, and is in these particulars erroneous. It is, in all other respects, correct.

It is, therefore, ordered, adjudged and decreed, that the judgment be reversed so far as it decrees the judicial sale of the lands of the succession null and void, and rejects the claim of fifty-four dollars and ninety cents, for advertising and selling the same, and that the demands of the co-heirs in these respects be rejected, with costs. And, it is further ordered and derceed, that the judgment be in all other particulars affirmed, with the costs of the opposition in the lower court, and that the appellees pay the costs of this appeal.