finitive as to the liability of the receivers, for the reason that it is ordered in said judgment that—

"All the rights of opponents against the receiver to hold them and sureties on their bond responsible for loss on account of sales of property below two-thirds of the appraised value are fully reserved for consideration and settlement on the final account."

This matter was not finally adjudicated until June 24, 1920, by judgment rendered on oppositions to the final account of the receivers, and we are considering in the case an appeal by the receivers from said judgment. The plea of res adjudicata is therefore not well founded.

For the reasons assigned, it is ordered that our former decree be set aside. It is now ordered that the judgment appealed from be annulled and reversed, and that the oppositions of the various creditors named in such judgment be dismissed. It is further ordered that all costs be paid out of the funds in the hands of the receivers.

Appellants are reserved the right to apply for a rehearing.

OVERTON and THOMPSON, JJ., dissent.

═══

(102 So. 676)

No. 24185.

WEYDERT v. ANDERSON (STOCKWELL, Intervener).

(Jan. 5, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Executors and administrators** ⬤⟳388(1)— **Succession; purchaser could rely on records, and was protected by order of sale.**

Where administrator adjudicated all succession property to A., purchaser from latter could rely on records showing title to lands in A., and was not concerned whether succession owed debts; order of sale protecting him.

157 LA.—19

2. **Executors and administrators** ⬤⟳388(1)— **Succession; purchaser from transferee of succession property protected by administrator's acknowledgment of purchase price in deed of sale.**

Purchaser of land from transferee of succession property was protected by acknowledgment of administrator, in deed of sale, that price of adjudication had been paid.

3. **Executors and administrators** ⬤⟳388(5)— **Succession; sale of succession property for less than two-thirds of value is relative nullity only, and parties interested should complain at time.**

Sale of succession property for less than two-thirds of its value is only relative nullity; and parties interested should complain at time and not wait till it passes to bona fide purchasers.

4. **Executors and administrators** ⬤⟳362—**Succession; sheriff properly itemized property of which succession was composed.**

Sheriff, in advertising and adjudicating interest to be sold in succession, properly itemized property of which succession was composed.

5. **Executors and administrators** ⬤⟳362—**Succession; description of undivided interest in succession must give bidders idea of what it consists of.**

Description of undivided interest in succession must be such as to give bidders some reasonable idea of what interest consists.

6. **Descent and distribution** ⬤⟳69—**Succession; simulated sale held subject to annulment by forced heir.**

Where succession sale as between father, as administrator, and son was pure simulation, it conveyed no valid title to father's interest to son as purchaser, but where, at time it was made, another son had no interest in his father's interest in one-half succession, at father's death, son, as forced heir under Act No. 5 of 1884, amending Civ. Code, art. 2239, could annul sale for half of father's one-half.

7. **Descent and distribution** ⬤⟳69—**Succession; right of forced heir to annul simulated sale by ancestor held personal.**

Right of forced heir, under Act No. 5 of 1884, amending Civ. Code, art. 2239, to annul simulated sale by ancestor is personal to heir, and cannot, in view of Rev. Civ. Code arts. 1235, 1504, 3542, be exercised by his creditors.

Appeal from · Twenty-First Judicial District Court, Parish, of Pointe Coupee; C. K. Schwing, Judge.

Suit by Chas. Weydert against Anders R. Anderson, wherein Sirus L. Stockwell intervened. Judgment for defendant and intervener, and plaintiff appeals. Affirmed.

M. T. Hewes, of New Roads, for appellant.

Claiborne & Claiborne, of New Roads, for defendant appellee.

Taylor & Porter, of Baton Rouge, for intervener appellee, Louisiana Nat. Bank, substituted for S. L. Stockwell.

ST. PAUL, J. . On February 5, 1914, Mrs. Mary Watkins Anderson, wife of Nelson P. Anderson died intestate, leaving as her sole and only heirs two sons, Anders R. Anderson, the defendant, and Chris P. Anderson; both of full age. Her succession consisted of her one-half interest in the community existing between herself and her surviving husband Nelson P. Anderson. That community was composed of certain movable property appraised at $1,961.92 and of nine certain parcels of real estate in Pointe Coupee parish appraised at $1,733.50 and one parcel in East Feliciana parish appraised at $675.

On November 9, 1914, Nelson P. Anderson, the surviving husband, and Chris P. Anderson, one of her heirs, mortgaged to the intervener, Sirus L. Stockwell, for $1,200, their three quarters interest in and to two certain parcels of land in Pointe Coupee Parish, belonging to said community, to wit, lots 18 and 19 in township 2, range 9 east (330 acres) and lot 26, same township and range (159 acres).

### I.

On January 7, 1915, the Succession of Mrs. Mary Watkins Anderson was formally opened in Pointe Coupee parish, and her husband, Nelson P. Anderson, was appointed administrator thereof.

He represented to the court that there were succession debts to be paid, and thereupon obtained an order to sell first the movable and then the immovable property of the succession to pay the same.

The sheriff of East Feliciana adjudicated the succession's half interest in the lands in that parish to Anders R. Anderson for $450 cash, which price the sheriff declares was duly paid; and, as there is nothing in this record to contradict that recital, the same must stand. Accordingly that land passes out of this case. ·

Nelson P. Anderson, the administrator and surviving husband, then (on June 5, 1915) adjudicated, to Anders R. Anderson, nominally for cash, all the movable and immovable property of the succession, and included in the deed of sale his own individual half interest in the lands.

Chris P. Anderson was present at this sale, and neither then, nor at any other time, objected thereto.

The truth is that neither said succession nor the community owed any debts whatever, and Anders R. Anderson never paid the price of adjudication; no account was ever filed by the administrator, and said Nelson P. Anderson continued in the possession and management of said lands up to the time of his death, some two years later.

### II.

On July 3, 1915, the interest of Chris P. Anderson in the succession of his mother was seized in the suit of J. D. Wood v. Chris P. Anderson, and was sold to said J. D. Wood.

On November 27, 1917, Wood sold said interest, acquired as aforesaid, to Stockwell, the intervener herein.

### III.

On December 27, 1916, Anders R. Anderson sold to Julius Weis &.Co. lots 18, 19, and 26 aforesaid (containing 330 plus 159 acres).

On June 28, 1918, Julius Weis & Co. sold

the same to S. L. Stockwell, the intervener herein.

Pending an appeal in this case, said three lots were seized in the suit of Louisiana Trust & Savings Bank v. S. L. Stockwell, and were bought in by the Louisiana National Bank of Baton Rouge, which has come in and made itself a party hereto.

## IV.

Plaintiff was and is the owner of two judgments against Chris P. Anderson, both rendered in 1908, and duly recorded, and afterwards duly renewed.

He brings this suit against Anders R. Anderson to set aside the succession sale and to have decreed that the interest of Chris P. Anderson in all of said lands, inherited by him from his mother and father (to wit, one-fourth plus one-fourth, say one-half interest in the lands), be decreed subject to the mortgage resulting from the recordation of his two judgments.

Anders R. Anderson, the defendant, pleads substantially the general issue; and, further, that Chris P. Anderson has no interest in said lands, because his interest in his mother's succession was duly seized and sold as above said; wherefore he urges that plaintiff has no interest to maintain this suit.

Stockwell, the intervener, sets up title to the interest of Chris P. Anderson in the succession of the latter, acquired as above said. He urges further the validity of his title to the three lots aforesaid (Nos 18, 19 and 26) and his good faith in acquiring same.

The Louisiana National Bank adopts the position of the intervener, but has no interest outside of the three lots aforesaid.

## V.

[1-3] Our conclusion from the foregoing is that the purchaser from Anders R. Anderson had a right to rely upon the public record showing title to the lands in him (Anders R. Anderson), and was not concerned in whether the succession did or did not owe debts;

the order of sale protected him. Nor was he concerned in whether Anders Anderson had or had not paid the price of adjudication. In this he was protected by the acknowledgment of the administrator, in the deed of sale, that the price had been paid. Nor yet did it concern him that the price bid at the succession sale was less than two-thirds of the appraised value of the property. A sale of succession property for less than two-thirds of its value is not an absolute but only a relative nullity; and those interested should complain at the time and not wait until the property has passed into the hands of bona fide purchasers. Succession of Wadsworth, 2 La. Ann. 966; Richard v. Deuel, 11 Rob. 508; Towles' Adm'x v. Weeks, 7 La. 312; Receivership Bonita Mercantile Co., 129 La. 1053, 57 So. 332; Killeen v. Boland, Gschwind Co., ante, p. 566, 102 So. 672, our No. 24269.

## VI.

[4] Moreover, we think the seizure and sale of Chris P. Anderson's interest in his mother's succession was valid and sufficient. The only complaint made of that sale is that the sheriff in advertising and adjudicating that interest itemized the property of which that succession was composed. We think this was not only not prejudicial, but entirely proper. It has repeatedly been held by this court that the description of an undivided interest in a succession must be such as to give bidders some reasonable idea of what that interest consists of. See authorities cited in Mulling v. Jones, 153 La. 1091, 97 So. 202.

## VII.

The foregoing two paragraphs (V and VI) dispose of any claim which plaintiff may have against lots 18, 19, and 26 aforesaid, or growing out of the quarter interest in the immovables acquired by Chris P. Anderson by inheritance from his mother. The lots 18, 19, and 26 belong wholly to the Louisiana National Bank, and the intervener, Stockwell,

owns an undivided one-quarter interest in all the rest of the lands.

### VIII.

[5-7] As to the father's (Nelson P. Anderson's) one-half interest in all of said lands (except lots 18, 19, and 26 aforesaid) our conclusion is that as between the Andersons said succession sale was a pure simulation, and of itself conveyed no valid title thereto to Anders R. Anderson. But at the time when it was made Chris P. Anderson had no interest in said one-half, nor therefore had his creditors. But since then Nelson P. Anderson has died, and doubtless Chris P. Anderson, being a forced heir, has (or had) a right to annul the same for one-half of said one-half. Act 5 of 1884, p. 12 amending R. C. C. art. 2239. But this right is wholly personal to himself as forced heir, and cannot be exercised by his creditors. See the words of that act, and compare with R. C. C. arts. 1235, 1504, 3542.

The trial judge rejected plaintiff's demand in toto, and the judgment seems correct.

### Decree.

The judgment appealed from is therefore affirmed.