Plaintiff, the sole heir of his father, William F. Key, deceased, in this suit seeks to have annulled and declared void, sales of the succession property by his mother, Mrs. Birdie Fomby Key, in her capacity as administratrix. The sales are attacked on two grounds, viz.:
1. That the administration was illegal and unnecessary because there were no debts due by the succession;
2. That the property was not appraised prior to offering same for sale by the administratrix.
This suit was filed some three years after date of the referred to sales.
The deceased owned at time of his death, two parcels of land in Union Parish, Louisiana, his domicile, one containing 40 acres and the other tract 41 acres. The 40-acre tract was adjudicated at the administratrix' sale to R. H. Albritton for $575, and the other tract to C. T. Salley for $850. Albritton sold the tract he purchased to Fred Hutto, Jr. on July 19, 1945, some 30 days after he acquired same. Salley executed to O. N. Meadows a mineral lease on the tract he acquired, and on the 14th day of July, 1947, nearly two years after the administratrix' deed to him, subject to the mineral lease, he sold the land to Patrick L. Goodrum. Meadows assigned his rights under the mineral lease to United Carbon Company. Salley, Albritton, Hutto, Goodrum and the Carbon Company were impleaded as defendants. The suit as against the Carbon Company was voluntarily dismissed.
Each defendant interposed exceptions of no cause and no right of action and a plea of prescription of two years in bar of the attack on the validity of the administratrix' deeds. These, by consent, were referred to the merits.
Pleading to the merits, the defendants affirm the legality and regularity of the administration and all acts and deeds performed by the administratrix pursuant to authority of the Court. They plead that they are purchasers in good faith, without knowledge, if such existed, of any irregularity in the succession proceedings; and that, in view of this, they are fully protected in their purchases by the order of the Court that authorized and directed the administratrix to sell the property to pay debts.
There was judgment for the plaintiff as by him prayed. It decreed the administratrix sales to Albritton and Salley to be null and void insofar as concerns the one-half interest of plaintiff in the lands in question and adjudged him owner of that interest.
All defendants appealed.
The opinion reached by us on the merits of the case obviates a discussion of and ruling on the plea of prescription and the exceptions.
The property sold for more than two-thirds of its appraised value as shown on the inventory made as a condition precedent to the appointment of the administratrix. The sales occurred only a short time after the inventory was taken. This being true, it was not necessary to cause to be made another appraisement in order to legally offer the lands for sale. Where more than a year has elapsed since the first appraisement has been made, and the representative of the succession petitions the Court for authority to sell immovables to pay debts, a new appraisement is necessary. Civil Code, Articles Nos. 1169 and 1170. And the property may be adjudicated for two-thirds of its appraisement or more. Be this as it may, even though the property had been sold under an appraisement, more than 12 months old, that fact would not affect with nullity the sales by the administratrix, under the jurisprudence of this state, as we shall endeavor to demonstrate hereinafter.
The same applies to whether or not there were debts due and owing by the succession. *Page 500 
The fact remains that the judge of the Court having jurisdiction of the succession authorized the administratrix to sell the property to pay debts. She was appointed administratrix on the theory that the succession owed debts and that to pay same it was necessary to open the succession and appoint an administrator thereof.
In view of these uncontroverted facts, to be in good faith and to be secure from danger of losing the object of his purchase at an administrator's sale, one need not concern himself as regards the truth of the facts upon which the Court has acted. This seems to be well settled by decisions of the Courts of this state. The order and action of the Court is his shield and protection.
In Weydert v. Anderson, 157 La. 577, 102 So. 676, as reflected from paragraphs one and three of the syllabi, it was held:
"Where administrator adjudicated all succession property to A., purchaser from latter could rely on records showing title to lands in A., and was not concerned whether succession owed debts; order of sale protecting him.
* * * * * *
"Sale of succession property for less than two-thirds of its value is only relative nullity, and parties interested should complain at time and not wait till it passes to bona fide purchasers."
And, in Webb, Wife, et al. v. Keller et al., 39 La. Ann. 55, 1 So. 423, 431, the Court said: "It is the well-settled jurisprudence of the court that the purchaser at a sale made under an order of the probate court, which is a judicial one, is not bound to look beyond the decree recognizing its necessity. He must look to the jurisdiction of the court; but the truth of the record, concerning matters within its jurisdiction, cannot be disputed. Graham's Heirs v. Gibson,14 La. 146; Ball's Adm'x v. Ball, 15 La. [173] 182; Rhodes v. Union Bank, 7 Rob. [63] 66; Coulter v. Cresswell, 7 La. Ann. [367], 368; Shaffet v. Jackson, 14 La. Ann. 154; Succession of Gurney, 14 La. Ann. 622; Webb v. Keller, 26 La. Ann. 596; Fraser v. Zylicz, 29 La. Ann. [534] 536; Herriman's Heirs v. Janney, 31 La. Ann. [276], 280. 'The purchaser, at a judicial sale, of property of the succession, is not bound to look further back than the order of court directing the sale.' Succession of Hebrard, 18 La. Ann. 485; Woods v. Hilliard [H.Lee.], 21 La. Ann. 505; Beale v. Walden, 11 Rob.(La.) 67, [72]; Brosnaham v. Turner, 16 La. [433] 440; Nesom's Heirs v. Weis, 34 La. Ann. 1004."
To the same effect is Linman v. Riggins, 40 La. Ann. 761, 5 So. 49, 8 Am.St. Rep. 549.
A short time prior to having herself appointed administratrix, Mrs. Key, on her own petition, was recognized as the surviving widow of her deceased husband and as such declared to be the owner of one-half interest in the lands involved herein and as usufructuary of the other one-half, owned by the plaintiff. In this judgment, as by her requested in her petition, it is said: "and reserving to her any and all rights she might have to claim the widow's dowry herein or to apply for letters of administration, should she so desire", etc.
In brief and oral argument, but not elsewhere, counsel for the plaintiff contend that the aforesaid action on Mrs. Key's part, closed the succession of her deceased husband and henceforth it had to remain closed. They cite Claudel v. Palao,28 La. 872. They urge here, for the first time, the foregoing facts as another reason why the administratrix' sales to Albritton and Salley should be annulled.
It does not appear from the cited case that the defenses urged herein were advanced therein. Regardless of this, the later jurisprudence, cited supra, certainly is contrary to the Court's holding in the Claudel case, and may be considered as having impliedly overruled the same.
If a purchaser at an administrator's sale is protected in the security of his purchase, to the extent enunciated by the cited decisions, surely the purchaser from such purchaser enjoys a greater degree of security with respect to the title he thereby acquires. *Page 501 
For the reasons herein given, the judgment from which appealed, is annulled, avoided and reversed; the demand of the plaintiff is hereby rejected and his suit is dismissed at his cost.