FRUGÉ, Judge.
Plaintiffs, the eight brothers and sisters of the late Pierre Pete, Jr., allegedly his *651 sole legal heirs, filed this action against Wilda Arceneaux, the administratrix of the Succession of Pierre Pete, Jr., and Jessie Guidry, the purchaser of a parcel of land belonging to said succession at a Sheriff’s Sale seeking to have the judgment of the Sixteenth Judicial District Court dated March 8, 1966, which authorized that sale, annulled and set aside; cancelling and erasing the judgment and sale from the records of St. Martin Parish.
Defendants, Wilda Arceneaux ánd Jessie Guidry, each filed an exception of no cause of action. The trial court granted the exceptions and rendered judgment in favor of defendants dismissing the suit with prejudice. Plaintiff has appealed from that judgment. We affirm.
The petition alleges that decedent, Pierre Pete, Jr., died intestate on January 18, 1961, possessed of an undivided one-fourth interest in twenty-one acres. On January 5, 1966, Wilda Arceneaux filed a succession proceeding. Thereafter, she alleged debts due by the succession totaling $801.60, and filed a purported descriptive list describing the property and evaluating decedent’s interest at $800.00. Plaintiffs allege the debts of the last illness were prescribed further alleging the date of payment of the bills. It also alleges that the real value of the property was in excess of that shown by Wilda Arceneaux.
In regards to the sale, it is alleged that on January 18, 1966, Wilda Arceneaux petitioned the court for authority to sell the property to Jessie Guidry at private sale, “the first advertisement was run on January 20, 1966, and the second advertisement on February 24, 1966; on March 8, 1966, she induced the court to sign an order authorizing her to sell the property to Jessie Guidry for $850.00.” Plaintiffs then allege that sufficient time had not elapsed between the date of the last advertisement and the date of the order ordering the sale, contrary to LSA-C.C.P. 3282 and LSA-R. S. 43:203; that Wilda Arceneaux executed the sale on March 8, 1966.
Petitioners claim that the appraisal was so unreasonable and unsupported and that the debts had been paid or prescribed and not proved and that the sale made contrary to law that it constituted fraud or ill practices within the intendment of LSA-C.C.P. Article 2001, et seq.
For the purposes of deciding an exception of no cause of action, the well pleaded allegations of fact contained in the petition must be considered as true. The issue thus presented is whether on the face of the petition a case is presented entitling the mover, in law, to the redress sought. Elliott v. Dupuy, 242 La. 173, 135 So.2d 54 (1961).
Generally in the absence of fraud by the purchaser, a private sale by an order of court in a succession proceeding will not be disturbed. Such a purchaser does not have to look behind the judicial order commanding the sale to determine the truth of the facts upon which the court has acted. He need only be satisfied that the court has jurisdiction. Key v. Salley, 43 So.2d 498 (La.App. 2nd Cir., 1949), affirmed 218 La. 922, 51 So.2d 390 (1951).
A careful review of plaintiff’s petition reveals that there is not one allegation of fact as to any fraud or ill practice performed by Jessie Guidry. He is simply named as the purchaser at the Judicial Sale. Nor is it even alleged that he conspired or colluded with anyone else. Stated simply, the petition fails to allege one single fact or act of fraud or ill practice by Jessie Guidry, and therefore, is fatally defective and fails to state a cause of action against him.
“In pleading fraud or mistake, the circumstances constituting fraud or mistake shall be alleged with particularity. Malice, intent, knowledge, and other condition of mind of a person may be alleged generally.” LSA-C.C.P. Article 856.
See also: Farwell v. Milliken and Farwell, Inc., 145 So.2d 644 (La.App. 4th Cir., *652 1962); Scott v. Ware, 160 So.2d 237 (La.App. 2nd Cir., 1964).
Hence, our law requires particularity in allegations of fraud, and, nowhere in the petition is it alleged that Jessie Guidry was guilty of fraud; the petition states no cause of action against him.
We do not find the same comfort in our decision in St. Mary v. St. Mary, 175 So.2d 893 (La.App. 3rd Cir., 1965) as has had ■ the appellant in this case. Forsooth we could hardly agree that that case establishes a more liberal requirement for alleging fraud and thus, abrogate the requirement of particularity in this type case. That case addresses itself to a situation where the defendant had a valid defense not urged as defendant thought in the original suit. No rights of third parties were involved. The parties alone were affected and had not relied to their substantial detriment on the judgment. Simply they alone were affected and to enforce the judgment was otherwise unconscionable and inequitable.
On the face of the petition, plaintiff has failed to adequately set forth enough facts to establish fraud upon the part of Wilda Arceneaux. In his allegations of fraud, appellant has cited as evidence the fact that the publication of the sale was done twice as under LSA-C.C.P. Art. 3282 and LSA-R.S. 43:203, instead of only once as required under a small succession. LSA-C.C.P. Article 3443.
Also he alleges that the debts listed by Wilda as executrix were either prescribed or not owed to her or not paid by her. However, accepting this as true these defects would not suffice as allegations of fraud.
We are of the opinion that the petition fails to set forth with sufficient particularity fraud on the part of the defendants.
For the foregoing reasons, the judgment appealed from is affirmed at appellants’ cost.
Affirmed.