9 293
108 257

Benjamin F. Ball *v.* Crockett, Garland & Co.—Samuel Powers, Subrogated.

Seizure and sale of a promissory note—pending suit on the same, notice of seizure was given to the attorney at law of defendants. *Held :* Insufficient and sale invalid. The notice required to be given by the 645th Article Code of Practice, to the defendant in execution, must be given to the debtor, or his authorized agent, or perhaps, in case of the absence of the debtor, who is unrepre- sented, to an attorney *quoad hoc negotium,* appointed by the Court.
C. P., 654.

APPEAL from the Third District Court of New Orleans, *Kennedy,* J. *Hamner,* for *Garland,* appellant. *Mott,* for *Powers.*

Campbell, J. Pending a suit instituted by the plaintiff, *Ball,* against *Crock- ett, Garland & Co.,* on a promissoly note for $5335 55, *A. H. Donaldson,* who had obtained a judgment in the Fourth District Court against *Ferguson et al* (*Ball,* the present plaintiff, being one of the defendants in said suit) issued an ex- ecution thereon, dated 25th November, 1851. The next day the sheriff levied on the note filed in this suit, and notified the clerk and *C. A. Jones,* the attorney of record of plaintiff, of the seizure. On the 16th April, a like notice was served on *Garland,* one of the defendants. No further steps seem to have been taken until 2d September, 1852, when, under the direction of plaintiff in execution, the same property again was seized, and similar notices given of the seizure. Under these seizures a sale was made, and on the 28th of October, 1852, nearly two years after the issuing of the writ, the note was adjudicated to *Samuel Powers,* for the sum of ten dollars.

Claiming, under this sale, to be subrogated to the rights of the plaintiff, he ap- plied to be substituted as party plaintiff and permitted to prosecute the suit, which was allowed.

Judgment having been rendered in his favor, *Ball* and *Garland* have both appealed, and join in claiming reversal of the judgment.

The point presented for our decision, is the validity of the sheriff's sale, and in determining this, we deem it unnecessary to inquire whether or not the writ had expired under which the last seizure was made, or whether, being yet alive, the seizure was valid, inasmuch as we are of opinion that the sale is a nullity for irregularities subsequent to the seizure.

The 654th Article of the Code of Practice provides that, " it shall be the duty of the sheriff, as soon as he shall have executed the writ of *fieri facias,* to give notice thereof, in writing, to the debtor, and to annex thereto a list of property seized, which he shall deliver to him in person, or leave at his place of ordinary residence." This notice to the debtor, or to his authorized agent, or perhaps,

in case of the absence of a debtor who is unrepresented, to an attorney *quoad hoc negotium*, appointed by the court, is indispensable to the validity of a sheriff's sale.

In this case, the only notice given to the debtor, was the service made on his attorney at law, who had no power or authority to represent him in this behalf. The notice of seizure being illegal, the sale under it conferred no valid title, and must therefore be set aside. See *Mississippi Marine and Fire Insurance Company* v. *Bank of Louisiana*, 11 R., 47. *Lamorandier* v. *Meyer*, 8 R., 152. *Andrews,* adm'r, v. *City Bank*, 5 A., 737.

It is proper to add that *Ball* was not resident in the State, and that there has been evidently a gross sacrifice of his property.

It is therefore ordered and decreed that the judgment of the District Court be annulled and reversed. It is further decreed that the demand of *Samuel Powers*, the subrogated plaintiff, be dismissed, and that the sheriff sale of the note, declared on by plaintiff, be annulled and set aside. The costs of intervention and of this appeal to be paid by the appellee. It is further ordered, adjudged and decreed that the plaintiff, *B. F. Ball*, do have and recover of and from the defendant, *William H. Garland*, the sum of five thousand three hundred and thirty-five dollars and fifty-five cents, with interest at five per cent. from June 10th, 1850, until paid, and costs of suit.