Lapene & Jacks vs. McCan & Son.

## No. 5980.

JULES LAPENE & L. F. JACKS VS. D. C. McCAN & SON ET AL.

Notice of judgment must be given to the defendant in execution three days previous to the advertisement. This notice has not been given to Lapene, one of the plaintiffs in injunction. It has been held that the non-observance of this requisite of the law vitiates the sale of property under execution. If the sale for the want of this formality is to be declared void, it follows that the sale can be prevented for the same reason.

It is contended for defendants that judicial process can not be enjoined on a mere irregularity in the mode of its execution. It is not a mere irregularity which is complained of here. Plaintiff sets up what has been decided to be an absolute nullity.

Proper notice of seizure was given to Jacks, but notice to Jacks did not fulfill the requirements of the law, as to notice to Lapene. Service of notice of seizure on Lapene's partner is no notice to Lapene. The partnership existing between them was an ordinary partnership. Jacks was not Lapene's agent.

That the defendants in this case considered Lapene entitled to notice is shown by the fact that they caused him to be notified. The only difficulty is, that the notice was not given as required by law.

Because the judgment against Lapene & Jacks was *in solido*, it does not follow that notice to Jacks was notice to Lapene. He might have owned other property besides the property seized. If so, he had the unquestionable right to point out such property, to satisfy the judgment which was about to be executed against him, or he might have been willing to pay it.

It does not matter that the property seized was partnership property. Lapene's interest in it was to be sold. His property was to be taken from him, and notice to him of that fact was prerequisite.

Animals and utensils attached to a plantation and manufactories, and such articles as can not be easily removed, must be sold on the spot where they were taken, on the day and hour appointed by the sheriff.

Mares used exclusively under the saddle and in harness, and not in the cultivation of the plantation, can not be considered as part of the realty.

The evidence is satisfactory that the boilers could be removed without damage to the sugar-house, and therefore it was not necessary that the whole property should be sold under the separate appraisement of the boilers.

As to the question of the vendor's privilege on the boilers, it is *res judicata*, it being settled by the judgment which is now stayed by this injunction and which decreed the privilege. The question can not be re-opened.

APPEAL from the Fifth District Court, parish of Orleans. *Cullom, J. Sambola & Ducros*, for plaintiffs and appellants. *E. Howard McCaleb*, for defendants and appellees.

MORGAN, J. Lapene & Jacks own a plantation in the parish of Plaquemines. Lapene resides in New Orleans, Jacks resides on the plantation. They contracted with D. C. McCan & Son to furnish them with four boilers, for the use of their plantation, and gave their notes in payment therefor. The notes were not paid at maturity. McCan & Son sued on them and obtained judgment against the makers, *in solido, with privilege on the boilers.*

Under this judgment they issued execution and seized the boilers and two mares, which were advertised to be sold on the plantation. Lapene & Jacks enjoin the sale on the grounds:

First—Because the property seized was advertised for sale before any notice of seizure was served on Lapene.

Second—Because the sale is advertised to take place on the plantation instead of at the court-house.

Third—Because the mares are worked on, and attached to, the plantation, and can not be seized and sold apart therefrom, they forming a part thereof.

Fourth—That the boilers in question are attached with brick and cement to the sugar-house: that said adhesion is the result of work performed by, or with the consent of, the parties seizing; that the boilers form part of the realty, and that whatever privilege may exist thereon, if any, can be exercised only by seizing the whole property, and appraising separately the property on the one hand and the boilers on the other prior to the sale thereof.

As regards Lapene, we think the injunction properly issued. Notice of seizure must be given to the defendant in execution three days previous to the advertisement. C. P. 654, 655. This notice was not given to Lapene. It has been held that the non-observance of this requisite of the law vitiates the sale of property under execution. Grant vs. Walden, 6 L. 630. If the sale, for the want of this formality is to be declared void, it follows that the sale can be prevented for the same reason.

Counsel for defendants has referred us to authority sustaining the position that judicial process can not be enjoined on a mere irregularity in the mode of its execution. It is not a mere irregularity which is complained of here. Plaintiff sets up what has been decided to be an absolute nullity. Proper notice of seizure was given to Jacks, and plaintiffs contend that notice to Jacks fulfilled the requirements of the law as to notice to Lapene. We do not agree with him. Service of notice of seizure on Lapene's partner, Jacks, was no notice to Lapene. The partnership existing between them was an ordinary partnership. Jacks was not Lapene's agent. Defendants rely upon the case of Walker vs. Allen, 19 La. 311. But in that case the defendant was the agent of his co-defendant, and held his power of attorney, which authorized him to act as his agent at the sale of their common property, which was to be sold under execution to pay their common debt. That the defendants in this case considered Lapene entitled to notice is shown by the fact that they caused him to be notified. The only difficulty is that the notice was not given as required by law.

Neither do we think that because the judgment against Lapene & Jacks was *in solido*, notice to Jacks was notice to Lapene, as is contended. Lapene might have owned other property besides the property seized. If so, he had the unquestionable right to point out such property to satisfy the judgment which was about to be executed against him. He

might have paid or been willing to pay the judgment. Nothing of this was possible to him, unless he paid voluntarily, except after notice of seizure. Neither does it matter that the property seized was partnership property. Lapene's interest in it was to be sold. His property was to be taken from him, and notice to him of that fact was a prerequisite.

The case of Jacks is different. He was properly notified of the seizure. As to him, his defense is comprised in the second, third, and fourth grounds which have been quoted above. Animals and utensils attached to a plantation and manufactories, and such articles as can not be easily removed, must be sold on the spot where they were taken, on the day and hour appointed for this purpose by the sheriff. C. P., 666. This objection is answered by the article referred to.

As to the mares, we do not find that they were used in such a manner as to make them form, in contemplation of law, a part of the realty. They were used exclusively under the saddle and in harness, and not in the cultivation of the plantation.

As regards the boilers, it is contended in argument that they are attached to the sugar-house by bricks and mortar, and that they are thereby exempt from the privilege which originally existed in favor of the vendor. But this question was settled by the judgment which is now stayed by this injunction. That judgment decreed the privilege, and that decree has now the authority of the thing adjudged. But that decree did not provide how the judgment should be executed. By the pleadings the question of privilege is not raised, as will be seen by a perusal of the fourth ground upon which the injunction was applied for. The question for us to determine is not whether any privilege exists, but whether the boilers can be sold separately from the building to which they are attached, whether the whole property should not have been seized, appraising the property and the boilers separate? The evidence satisfies us that the boilers can be removed without damage to the sugar-house, and, therefore, that it was not necessary that the whole property should be sold under a separate appraisement of the boilers.

It is therefore ordered, adjudged, and decreed that the judgment of the district court as regards Lapene be avoided, annulled, and reversed, and that the injunction as to him be reinstated and made perpetual. As regards the defendant, Jacks, it is ordered that the judgment of the district court be affirmed with costs.

Wyly, J., *concurring.* Defendants, D. C. McCan & Son, obtain judgment against plaintiffs for $3507 38, "with vendor's privilege on four boilers furnished to, and now situated on, the Monsecour's plantation in the parish of Plaquemines." Plaintiffs were planting partners on said

plantation. Execution issued, and the sheriff seized the four boilers and also two mares on said plantation and advertised them for sale on the third of April. Plaintiffs enjoined the sale on the following grounds:

First—Because the property was advertised for sale before notice of seizure was served on Jules Lapene, one of the partners.

Second—Because the sale was advertised to take place on the Monsecour's plantation, instead of at the court-house.

Third—Because the two mares are attached to the plantation, used in its cultivation, and can not be sold separately.

Fourth—Because the boilers are attached by bricks and cement to the sugar-house, they form a part thereof, and can not be sold separately from the plantation.

As plaintiffs are ordinary partners, notice of seizure should be given to each in order to make a valid sale of his share of the property seized. Lapene was not notified of the seizure till the twentieth or twenty-second of March, and the sale was advertised for the third day of April. He was entitled to three days notice of seizure and ten days advertisement, the property being movable. The delay allowed was not sufficient. The objection that Lapene was not properly made a party to the sale must be maintained. But this is no cause for his partner, J. L. Jacks, to complain and to sue out an injunction. The objection that the sale was to occur on the Monsecour plantation, where the property was seized, is not well founded. The four boilers are articles that could not easily be moved, and the sheriff was not required to divide the sale. C. P. 666. As to the third objection; I will remark the evidence shows that the two mares were not used to cultivate the plantation; they were riding-horses and could be sold separately from the plantation.

I agree with the district judge that defendants, having judgment with vendor's privilege on the four boilers, could enforce it by seizing and selling the said boilers separately from the plantation. When they were set up at the sugar-house the vendor's privilege was upon them, and I know of no law whereby the purchasers could destroy the privilege by using the property for the purpose it was adapted. I can not consent that a vendor's privilege on a movable can be lost simply because the purchaser may use it on his plantation. If such were the case, the vendor's privilege would furnish but little security in an agricultural district. The law has not declared that the use of a movable by a purchaser shall destroy the vendor's privilege. "Privileges become extinct:

"First—By the extinction of the thing subject to the privilege.

"Second—By the creditor acquiring the thing subject to it.

"Third—By the extinction of the debt which gave birth to it.

"Fourth—By prescription."

Revised Code, 3277.

Lapene & Jacks vs. McCan & Son.

As defendants have a privilege upon the boilers as separate things, I see no reason why they may not sell them separately from the plantation. If they remain separate things, so that a privilege may rest upon them, they remain separate for the enforcement of such privilege. They can not be things, and not things.

If they are movables, the vendor's privilege is upon them; if they are part of the plantation, an immovable, there can be no vendor's privilege, because defendants did not sell the plantation. Defendants had a privilege upon them as movables when they sold them to plaintiffs, and that privilege has been recognized in the judgment sought to be executed. And that judgment can not be questioned now, nor can the inquiry be raised as to the existence of the privilege on these boilers, because defendants have set up the plea of *res judicata*. Defendants have the right to enforce their privilege by selling the things subject thereto. The plantation is not subject to the vendor's privilege. The boilers, as separate things, are, and they may be, sold to satisfy the judgment of defendants.

For the reasons stated, I therefore concur in the decree in this case.

HOWELL, J., dissents from the majority of the court on the question of notice to Lapene, one of the partners. I think notice to Jacks, at the domicile of the firm, was sufficient.