SAMUEL, Judge.
The plaintiff-appellee, Lynne Humphreys, filed suit against the succession of Louis A. Hoffman for the sum of $1,200 alleging that the succession was indebted to her in that amount for certain services performed by her. The defendant-appellant, Warren A. Doll, dative testamentary executor and *775 universal legatee, appearing individually and as testamentary executor, filed exceptions and an answer to the suit. The exceptions were argued and referred to the trial on the merits.
On April S, 1960, the day set for trial on the merits, both Doll and his counsel were present in court. At that time, Doll, through his counsel and in open court, admitted the indebtedness and confessed judgment for the full amount. Accordingly, judgment for $1,200 was signed on April 11, 1960, in favor of Humphreys and against the succession and from this judgment no appeal has been taken.
On April 28, 1960, while the succession was under administration and without completing that administration, Doll filed a petition in which he accepted the succession purely, simply, and unconditionally and, in accordance with the prayer of the petition, was placed in possession of all the succession property as universal legatee.
On May 18, 1960, Humphreys filed a rule against Doll to show cause why her judgment against the succession should not be made executory against him. No pleadings of any kind were filed by Doll to the rule and on May 27, 1960, the date of trial thereof, no appearance was made by him or by his attorney. Judgment was rendered against Doll in the full amount of $1,200 and from this judgment he has taken a suspen-sive appeal. To this appeal the appellee, Humphreys, has filed a motion to dismiss based chiefly on the grounds that Doll cannot appeal because the judgment has been confessed by him.
In his brief the defendant complains about an alleged absence of proof to the effect that he was properly notified of the rule set for trial on May 27, 1960, basing his complaint only on the alleged fact that the sheriff’s return states that a copy of the rule was served on Doll’s wife. The defendant is in error. The return clearly shows that domiciliary service was made on May 19, 1960, on a lady described in the return as Doll’s sister and his objection therefore is without merit.
Article 567 of the Code of Practice provides as follows:
“The party against whom judgment has been rendered can not appeal:
“1. If such judgment have been confessed by him, * *"
The transcript clearly shows that on April 5, 1960, on the trial of the rule first above mentioned, the defendant Doll confessed the indebtedness and consented to the judgment. At that time both the defendant and his counsel were present in court and, in summing up before concluding that judgment should be rendered, the court said:
“And by virtue of the confession and consent in open Court by the defendant, in his capacity as executor of the estate of the deceased and as universal legatee, in the presence of all parties and their counsel, there will be judgment as prayed.”
An unconditional acceptance of the succession by a sole universal legatee, as is the case here, makes that legatee personally liable for all the debts of the succession. LSA-C.C. Articles 1013, 1424, 1426, and Code of Practice Articles 982.70, 996.10, and 996.12.
We are of the opinion that the confession of judgment by Doll in the first rule wherein he appeared in his capacities of testamentary executor and universal legatee, together with his unconditional acceptance of the succession and the placing of himself in possession as universal legatee, constituted a confession of the indebtedness not only as to the succession alone but also as to Doll personally. Under these circumstances, and under that portion of Article 567 of the Code of Practice above quoted, he cannot appeal.
Therefore, it is ordered that the appeal in this case be dismissed at the cost of the appellant.
Motion maintained.