REGAN, Judge.
Plaintiff-in-rule, Warren A. Doll, in his capacity as the testamentary executor of the Succession of Louis A. Hoffman, filed a rule[1] therein, against the defendants-in-rule, Lynne Humphreys, a judgment creditor thereof, the National American Bank of New Orleans, and L. J. Scanlon, the Civil Sheriff for the Parish of Orleans, to show cause why the sum of $1280 should not be returned to the Succession’s account. He insisted that the writ of fieri facias and the garnishment proceedings which were successfully executed through the Sheriff by Lynne Humphreys against the Bank to satisfy her judgment against Doll individually were null and void.
The Bank pleaded the exceptions of no cause or right of action asserting that Doll had simply and unconditionally accepted the Succession as universal legatee and as such was liable for the debts thereof. The record should, but unfortunately does not disclose the disposition of these exceptions.
In any event, the trial judge dismissed the rule, and from this judgment the plaintiff-in-rule, Doll, has prosecuted this appeal.
The record reveals that much tortuous litigation has emanated from the Succession of Hoffman and although there is no necessity for a review thereof herein, some *507 pertinent facts extracted therefrom will serve a useful purpose in pointing out the specific issues now posed for our consideration.
The record discloses that on April 11, 1960, Lynne Humphreys obtained a judgment in the amount of $1200 against the Succession. On April 28, 1960, Doll as the executor and universal legatee, accepted the Succession simply and unconditionally and was therefore sent into possession thereof.
Lynne Humphreys then filed a rule on May 18, 1960, to have the judgment against the Succession made executory against Doll individually, which was made absolute on May 27, 1960, and affirmed on appeal[2] in January of 1961; writs were likewise denied on April 7, 1961.
On April 17, 1961, Lynne Humphreys caused a writ of fieri facias to be issued, directed to the Bank as garnishee of Doll individually which ordered it to answer under oath the usual interrogatories which accompany such a petition.
In response thereto, the Bank acknowledged the existence of a safety deposit box and the sum of $1,837.36 which was contained in a checking account in the name of the Succession of Louis A. Hoffman, W. A. Doll, testamentary executor, thereof. In conformity with an order of the lower court, the Bank paid to the Sheriff the sum of $1280 to satisfy Lynne Humphreys, the judgment creditor.
It is this payment which provoked Doll to file the contradictory motion referred to in the first paragraph hereof, and to prosecute this appeal from the dismissal thereof.
In this court the plaintiff-in-rule, Doll, initially insists that the garnishment and seizure by Lynne Humphreys of the money on deposit in the Bank was null and void since he had received no notice of the seizure from the Civil Sheriff in conformity with the rationale of Article 2293 [3] of the Civil Code of Procedure.
A cursory analysis of the jurisprudence reveals that the foregoing contention is without merit. As was enunciated in the ancient case of Walker v. Creevy[4] wherein Walker seized a judgment payable to Creevy without the issuance of a notice to him, in connection with a garnishment proceeding, the organ of the court reasoned thusly:
“We find no law rendering it necessary that notice should have been given of the seizure to Creevy. If the sheriff had been directed to sell the claim, it would have been necessary to have given notice to Creevy, that he might appoint an appraiser. But having seized an incorporeal right, the proper and legal mode of realizing it, was to cause it to be collected. * * * ”
In the more recent case of Chalmette Petroleum Corporation v. Myrtle Grove Syrup Co.[5] wherein money was seized and wherein Walker v. Creevy was cited with approval, the organ of the court very concisely expressed the opinion:
“It is not necessary that the defendant judgment debtor, Myrtle Grove Syrup Company, Inc., be served with a notice of seizure under the fieri facias which formed the basis of the garnishment process, (citations omitted)”
On the other hand, it is well settled that when a seizure and a sale are ordered under a writ of fieri facias, notice must be given to the judgment debtor after the seizure, or *508 the sale is a nullity.[6] Hence, it is to cases of this nature that the rationale of Article 2293 of the Code of Civil Procedure addresses itself, but not to a case wherein no sale of the seized property occurred nor was any contemplated.
The second alleged error which Doll complains of was that the Bank in its response to the interrogatories. made no unconditional or unqualified admission of its indebtedness to Doll individually, but instead revealed assets which appeared in the name of the Succession of Louis A. Hoffman, W. A. Doll, testamentary executor ; therefore the Bank at its own risk paid to the Sheriff this money for the benefit of Lynne Humphreys which was owed by the Succession of Hoffman.
To reiterate, for the purpose of emphasis, it will be recalled that Doll accepted the Succession of Hoffman as universal legatee purely, simply and unconditionally on April 28, 1960, and was placed in possession thereof. At that time the Succession as such ceased to exist [7] and Doll became personally liable for its debts and obligations in conformity with the rationale of Article 1013 [8] of the LSA-Revised Civil Code, which in part reads:
“The effect of the simple acceptance of the succession, whether express or tacit, is such, that when made by an heir of age, it binds him to the payment of all debts of the succession, not only out of the effects which have fallen to him from the succession, but even personally, and out of his own property, as if he had himself contracted the debts or as if he was the deceased himself; * * * ”
We therefore find no merit in Doll’s ultimate contention that Succession funds had been illegally paid by the Bank to the Sheriff for the benefit of Lynne Humphreys in order to satisfy a judgment rendered against him individually.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. This is a contradictory motion. See LSA-C.C.P. Art. 963.

. Succession of Hoffman, La.App., 126 So.2d 774 (1961).

. LSA-C.C.P. Art. 2293—“After the seizure of property, the sheriff shall serve promptly upon the judgment debtor a written notice of the seizure and a list of the property seized, in the manner provided for service of citation.”

. 6 La.Ann. 635 (1851).

. 175 La. 969, 144 So. 730 (1932).

. Lamorandier y. Meyer, 8 Rob. 152 (1844); Ball v. Crockett, 9 La.Ann. 293 (1854); Lapene v. McCan, 28 La.Ann. 749 (1876); Acadian Production Corp. v. Savanna Corp., 222 La. 617, 63 So.2d 141 (1953).

. Key v. Salley, 218 La. 922, 51 So.2d 390 (1951) and cases cited therein.

. Also see Arts. 1424, 1426, LSA-R.C.C. of 1870.