Susan A. Webb v. Amelia E. Keller.

## No. 833.

SUSAN A. WEBB *v.* AMELIA E. KELLER. PAYNE et als. Intervenors.

The defendant, dative tutrix, alleging that the condition of the estate of her deceased husband required a sale of the property belonging to it, had it sold after the usual judicial proceedings, and purchased it all. She subsequently filed a tableau placing herself thereon as a creditor for a sum larger than the property was appraised at. This tableau was homologated. After the adjudication she mortgaged the property to certain individuals. One of the defendant's children prays that said sale be declared null and void. Payne, claiming to control said mortgage, intervenes to have said mortgage recognized and enforced.

The exception to the intervention on the ground that the demands made by the intervenor were not incidental to, or necessarily connected with, the actions between the parties, is not well founded. The foundation upon which the intervenor's mortgage rested, was the sale made under order of court to the defendant. If the sale was null, his mortgage was null also, because the defendant would not have had any title to the property mortgaged. Although the judgment in this case, between the plaintiff and defendant, would not probably have been conclusive of his rights, he not having been a party to the suit, still he had such an interest in the result in the controversy as to entitle him to intervene.

The title to the property purchased by the defendant, as stated, is, as to third parties, good and valid. Those who dealt with her did so under the faith of judicial proceedings. To set aside the sale made under the authority of justice and thus destroy the mortgage which was taken as the result thereof, and which was accepted in good faith, would be to make like proceedings snares instead of shields.

If plaintiff's tutrix has assumed responsibilities towards her, and has been derelict in the performance of any duty, the judgment of the district court in this case reserves her rights against said tutrix, and this is her only recourse.

APPEAL from the Eighth Judicial District Court, parish of St. Landry. *Morgan, J. Henry L. Garland,* for plaintiff and appellant. *John E. King, B. A. Martel & Hudspeth,* for intervenors and appellees.

MORGAN, J. Lewis A. Kell Webb died in 1861. He left a widow and two children, both of whom were minors. His property consisted principally of lands and slaves, of which a large proportion belonged to the community of acquets and gains. Some of it was separate property. He appointed his widow executrix of his will, and bequeathed to her his entire estate. She qualified as executrix and as natural tutrix, and took possession, it is alleged, of the entire estate. The widow married. The marriage having taken place without the intervention of a family meeting her tutorship ended. Subsequently, however, she was appointed dative tutrix. Her husband was her co-tutor. Alleging that the condition of the estate required a sale of the property belonging to it, she obtained an order therefor. She also caused the property to be appraised. A meeting of the family was called to deliberate as to the terms upon which it should be sold. The family meeting recommended that all the property of the deceased, separate and community, be sold for cash. The under tutor approved of this recommendation. The property was sold on the fifth of January, 1870. The mother purchased it all. She subsequently filed a tableau placing herself thereon as a creditor for a sum larger than the property was appraised at. This tableau was homologated.

After the adjudication to her she mortgaged the property she had purchased to Payne, Huntington & Co., and also to Payne, Dameron & Co. Here commences the contest. Petitioner, one of Webb's children, prays that the sale and adjudication made to her mother on the fifth January, 1870, be declared null and void; that the property be declared to belong to her sister and herself; that the defendant be condemned to pay twenty thousand dollars, amount of revenue of the property belonging to the succession of her father, received by the defendant since the first January, 1870. To this proceeding the defendant seems to have interposed no obstacle.

But J. W. Payne obtained leave to intervene, and, setting up the mortgages given by the defendant to Payne & Huntington, and to Payne, Dameron & Co., which mortgages he claims to control, prays that the plaintiff may take nothing by her action, and that he have judgment against the defendant for the amount of the notes which he holds; that his mortgage may be recognized and enforced, and the property sold to satisfy the same. There was judgment in his favor, and the plaintiff has appealed. In the district court plaintiff moved to strike out that portion of the intervention which related to and asked for judgment in intervenor's favor against the defendant and for the foreclosure of the mortgage. This motion being overruled, plaintiff, upon the trial, objected to the introduction of evidence upon these issues. The objection was, that the demands made by the intervenor against the defendant were not incidental to, or necessarily connected with, the action between the parties. The objection was not sustained and the plaintiff excepted to the ruling of the judge.

It does not seem to us that the court erred. The foundation upon which the intervenor's mortgage rested was the sale made under order of court to the defendant. If that sale was null, his mortgage was null, because the defendant would not have had any title to the property mortgaged. And although the judgment in this case, between the plaintiff and defendant, would not, probably, have been conclusive of his rights, he not having been a party to the suit; still it appears to us that he had such an interest in the result of the controversy as to entitle him to intervene. If he had the right to intervene, the purposes for which he could intervene are not limited. If he has the right to have the property mortgaged to him sold, he can, it seems to us, assert that right in this proceeding as well as he could in a direct action.

It appears to us that the title to the property purchased by the defendant on the fifth January, 1870, is, as to third parties, good and valid. Defendant was the executrix of a will. She obtained authority to sell the property of the testator in order to pay the debts of his succession, and to make a partition between herself and the heirs. An

Susan A. Webb v. Amelia E. Keller.

appraisement of the property was ordered; a family meeting was convened, who recommended that the whole property of the succession, whether separate or community, be sold for cash. The under tutor concurred in this advice. The property was sold; the defendant became the purchaser. She subsequently furnished an account of her administration, which account, after due publication, was homologated. It was after the sale that the intervenors' mortgage was taken. The title being in the defendant the property was her's, to do with as she pleased. She could sell it, or she could mortgage it. Those who dealt with her did so under the faith of judicial proceedings. To set aside the sale made under the authority of justice, and thus destroy the mortgage which was taken as the result thereof, and which was accepted in good faith, would be to make like proceedings snares instead of shields.

We have not failed to be impressed with the positions taken by plaintiff's counsel, and which have been ably argued in his brief. Plaintiff's tutrix may have assumed responsibilities towards her, and may have been derelict in their duty. But this is no reason why those who acted in good faith, and whose acts were based upon the orders of a court of competent jurisdiction, should be made to suffer.

The judgment of the district court reserves her rights against her tutrix, and this, we think, is her only recourse.

It is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed, with costs.

Rehearing refused.