No. 4855.

### NICHOLAS CLAUDEL vs. CATHERINE PALAO.

The law allowing the necessitous widow to claim one thousand dollars out of the succession of her husband has no application to a case like this, where the widow accepted the succession purely and simply and was regularly put in possession thereof.

By thus accepting the succession it ceased to exist. She became the owner of the property and also liable to plaintiff for the amount of his claim.

APPEAL from the Sixth District Court, parish of Orleans. *Saucier, J. Charles Louque,* for plaintiff and appellee. *H. D. Ogden,* for defendant and appellant.

WYLY, J. Defendant appeals from the judgment which plaintiff obtained against her foreclosing the mortgage which her husband had executed prior to his death. She claims one thousand dollars, as a necessitous widow, out of the proceeds of the property sought to be sold, it being the only immovable property left by her husband.

The difficulty is, in 1871 defendant accepted purely and simply the succession of her husband, and was by order of court regularly put in possession thereof. As owner, she sold the movable property, which consisted of a small lot of furniture.

By thus accepting the succession, it ceased to exist. She became the owner of the property, and also liable to plaintiff for the amount of his debt.

The law allowing the necessitous widow to claim one thousand dollars out of the succession of her husband, has no application to a case like this, where the widow accepted the succession purely and simply, and was regularly put in possession thereof.

Claudel vs. Catherine Palao.

The charge in the brief, that plaintiff induced the defendant to accept the succession with a view to defeat her just claim as a necessitous widow, is not established by the evidence, assuming its importance as a defense, of which we express no opinion.

Plaintiff in answer to the appeal prays that the judgment be amended, so as to strike out that clause: "Reserving to the defendant the right to urge her claim as a necessitous widow in separate proceeding."

Defendant is not entitled to this reservation.

It is ordered that said clause be stricken out, and, as amended, that the judgment be affirmed with costs.