Linman et al. vs. Riggins.

## No. 223.

### H. B. LINMAN ET AL. VS. MRS. JANE H. RIGGINS.

A party who has been administrator of an estate, obtained the order of sale under which the property was sold to pay debts, and inaugurated and consummated the proceedings complained of in an action of nullity, cannot be permitted to impeach them by his own testimony. Such a person cannot be permitted to impeach his own official acts, nor to contradict the judicial proceedings had in the course of his gestion.

There is no legal prohibition against, but there is a legal permission granted to an administrator to purchase property at a probate sale of the effects of the succession he represents, *provided*, he be the surviving partner in community of the deceased.

Complaint made of an order of court directing the sale of property to pay the debts of a succession, alleged not to be due, after the sale is perfected, and in a suit to which the administrator is not a party, do not go to the court's want of jurisdiction, and to avail, same must be seasonably urged, else they will be barred.

A purchaser at a probate sale, made under an order of court, to pay debts of a succession that are stated on a tableau therein filed, is not bound to look beyond the decree recognizing the necessity therefor.

The five years' prescription fixed by the terms of R. C. C. 3543, cures "all informalities connected with or growing out of any public sale made * * * at public auction," and is a bar, perfect and complete, in respect to "minors, married women and interdicted persons."

| | |
|---|---|
| 40 | 761 |
| 44 | 49 |
| 44 | 422 |
| 40 | 761 |
| 48 | 600 |
| 40 | 761 |
| 108 | 384 |
| 40 | 761 |
| 110 | 834 |
| 40 | 761 |
| 114 | 697 |
| 40 | 761 |
| 115 | 424 |
| 40 | 761 |
| 121 | 1049 |

APPEAL from the First District Court, Parish of Caddo.
    Taylor, J.

### J. L. Hargrove for Plaintiffs and Appellants:

1. Where the petition alleges and shows there were no debts due by deceased, there is no administration necessary, and a sale by such administrator is void. 30 Ann. 479; Barton and wife vs. Bougier and Sheriff; 29 Ann. 560; Burns vs. Van Loon and numerous others.

2. Since the amendment to article 2237 C. C., forced heirs are not restricted in their right to annul simulated contracts of those from whom they acquire interest, by parol evidence to their *legitime*. The right of action in such cases is now unlimited. 39 Ann. 316; Spencer, administrator, vs. Lewis, administrator, et als., 39 Ann. 878; Cole, administrator, vs. Cole et al. (Act 5 of 1884). Minors whose property was sold without legal authority can recover it without tendering the price of sale to the purchaser. 33 Ann. 745, 769.

3. Prescription is suspended during minority of the party against whom it is pleaded. 38 Ann. 209, Barrow et al. vs. Wilson et al., and cannot be founded upon a nullity. 39 Ann. 102, and 29 Ann. 560. Article 990 C. P. only contemplates sales of succession property to pay debts at the instance of creditors. 38 Ann. 651.

4. Any sale or contract without a consideration is void. "The want or failure of consideration may also be proven by parol evidence. Taylor's Evidence, page 969, Sec. 1138, and page 978, Sec. 1150. Receipts in nearly every case can be explained by parol. Taylor's Evidence, page 965, Sec. 1134.

5. In sales of real estate to pay debts of succession all claims should be duly probated and recognized by the proper court. C. P. Arts 9984, 89, 990.

6. The universal legatee stands in the place of her father, W. W. Harper. C. P. Art. 120.

7. Actions to annul fraudulent sale must be commenced within a year after fraud is dis-

covered. C. P. Art. 673. If no citation was served on the present appellants all the proceedings are void as to them. 30 Ann. 702, Successions W. O. Winn.

*Alexander & Blanchard* for Defendant and Appellee.

The opinion of the Court was delivered by

WATKINS, J. Plaintiffs, as the heirs of Catherine Linman, deceased wife of Herman Linman, seek the revocation and dissolution of an alleged probate sale of real estate, which was, at the time of her death, an asset of the legal community; and they claim one-half interest therein.

They substantially allege that, notwithstanding Herman Linman administered the succession of the deceased, an administration was wholly unnecessary, inasmuch as it owed no debts that could not have been satisfied out of the assets of the community other than the real estate, for the sale of which there was no necessity.

The petition states that Linman was regularly appointed, qualified and confirmed administrator, caused an inventory to be made, filed a tableau of debts, procured an order for the sale of the real estate to pay debts of the succession, and caused a perfectly formal sale to be made, for the *stated* sum of about $13,000 cash.

That on the same day the ostensible purchaser transferred same property to Linman in his *individual* capacity, for $13,643, part cash and the remainder on terms of credit, with security of mortgage and vendor's lien.

That the price of the probate sale was never paid, and the conveyance thereat to Harper, and from Harper to Linman were simultaneous, and intended to enable the latter to acquire an apparent title to the property indirectly, which he could not acquire directly, and that same are null and void.

That, in the foreclosure of his mortgage, Harper became the adjudicatee at sheriff's sale, and at his death the property passed to his legal representative, and that the conveyance was void because the note Harper held was without consideration.

The defendant plead, as an exception, the want of a previous tender of the amount of purchase price at the probate sale, and which went to discharge the debts of the deceased. With full reservation he answered and averred that Harper's title is one acquired in good faith, under the probate proceedings above recited, under the order of a competent court to pay succession debts, and that the purchaser paid the price, and conveyed the property to Linman. He further avers that all of said proceedings were valid and legal and in good

faith, and thereupon he pleads the prescription of one, three and five years in bar of this action.

On the trial, the court *a qua* dismissed the plaintiffs' action as of non-suit, and they have appealed. In this court the defendant answers the appeal, and prays for a final judgment rejecting plaintiffs' demands *in toto*.

I.

The plaintiffs introduced as their witness the Linman who was the administrator and obtained the order of sale under which the property was sold, and who inaugurated and consummated all of the proceedings above-described, and by whom to substantiate the various allegations of their petition. To the introduction of *this* witness by whom to prove these facts, the defendant objected on various grounds, and among them are the following, viz :

1. That Linman could not be heard to stultify himself and impeach his own official acts as administrator, nor contradict the judicial allegations and judicial proceedings in the succession he administered.

2. That he would not be heard to contradict his own statement under oath, attesting the correctness and existence of the debts placed by him upon the tableau filed in said succession ; and, subsequently, the correctness of the final account, and the genuineness of the debts which purported to have been paid ; or to state that same are not just and due by the succession ; or that he had not, as administrator, paid the same.

3. That he could not be heard to impeach, or contradict his receipt as administrator, in which he acknowledged the payment of the purchase price from Harper.

For the reasons assigned the testimony of the witness Linman was disallowed, and it has been brought up, annexed to a bill of exceptions.

It appears from the succession record that was offered in evidence by the plaintiffs' attorney, that *all* the grounds of objection are well taken, and particularly the one to the effect that he had sworn, in open court, on the trial of the tableau and account, that the debts enumerated were due by the succession, and that same had been paid by him out of the proceeds of the succession sale.

It is absurd to suppose that any court of justice would listen to the statements of any witness in support of such propositions, which would, of necessity, involve the witness' perjury and turpitude ; and, although there is an abundance of it, we deem it unnecessary to cite

authority in support of our opinion. There is *no doubt* of the correctness of the lower judge's ruling.

## II.

The only pertinent evidence in the record on the main issue is that of one of Linman's attorneys.

He states his recollection to be that the whole of the purchase price was not paid in cash by Harper, and that Harper was a creditor of the succession, and desired a title in himself, and intended to convey it to Linman, and give him time to redeem, or pay the debt due him.

This testimony clearly demonstrates that these titles were not fraudulent simulations, but real and actual sales that were translative of the property, though it may have been for an inadequate price. 40 Ann. Pochelu vs. Catonet.

## III.

Simple reference to the Code will suffice to show that there was no legal impediment to a purchase by Linman at the probate sale of the effects of the succession of his deceased wife, and late partner in community.

It provides that "any executor, administrator * * may purchase at the sale of the effects of the deceased, whose estate he may represent, when he is the surviving partner in community," etc. R. C. C. 1146.

There was no occasion for Harper to have accepted title as a person interposed for Linman. This pretension is groundless.

## IV.

Conceding for the argument, that the evidence shows, or woul show, that only a small portion of the alleged succession debts were actually and really due, and it would, in no manner, affect the question at issue.

In Webb vs. Keller, 39 Ann., at page 55, we dicussed and decided this question, and used the following language, viz: "The complaint made of the order of court directing the sale, on the ground that the estate of Dr. Webb owed no debts, or if it did, none that had been recognized and proved before a family meeting, or the court, does not go to the court's want of jurisdiction. The debts were subsequently placed upon the tableau. and proved to the satisfaction of the judge who was competent, and same was homologated, and he directed the proceeds of sale to be applied to their payment.

"This was a mere irregularity, and not a cause to challenge the proceeding as null and void."

That suit was similar in many respects to this, and had a like object of attainment, and the quoted ruling is applicable.

### V.

In that case we further said that it is the well settled jurisprudence of this court that the purchaser at a sale made under an order of the probate court, which is a judicial one, is not bound to look beyond the decree recognizing its necessity.

" He must look to the jurisdiction of the court, but the *truth of the record* concerning matters within its jurisdiction, cannot be disputed." 14 La. 146; 15 La. 182; 7 R. 66; 7 Ann. 468; 14 Ann. 154, 622; 26 Ann. 596; 29 Ann. 536; 31 Ann. 280. "The purchaser at a judicial sale of property of a succession is not bound to look further back than the order of the court directing the sale." 18 Ann. 485; 21 Ann. 505; 11 R. 72; 16 La. 440; 34 Ann. 1004; Nelson vs. Weis, 39 Ann. 55.

Defendant has stated his case strictly within this rule. All the motuary proceedings, and those leading up to, and embracing the probate and judicial sales in question are perfectly regular, and the probate sale was made under the authority of an order of the court to pay the debts of the succession.

### VI.

The prescription of five years which the defendant pleads, under R. C. C. 3543, cures "all infomalities connected with or growing out of any public sale made * * * at public auction," and this bar is perfect and complete in respect to "minors, married women or interdicted persons."

The preceding argument and citation of authority, prove that the matters complained of are, in truth and reality, only matters of irregularity, and do not involve an absolute nullity, or illegality. They are all cut off by the defendant's plea of five years' prescription.

### VII.

The learned judge of the district court dismissed the plaintiffs' action as of non-suit. It appears clear to our minds that this was not just to the defendant, who has made out her defense most clearly and satisfactorily, and is entitled to final judgment, and the judgment of the court *a qua* must be amended.

It is, therefore, ordered, adjudged and decreed, that the judgment appealed from be amended; and it is further ordered and decreed, that the demands of the plaintiffs be rejected and disallowed, and that, as thus amended, the judgment be affirmed, and at defendant's costs in both courts.