No. 10,905.

SUCCESSION OF AUGUSTE AND MARCEL THEZE.

It has long been the settled jurisprudence of this court that a purchaser at a judicial sale is held bound to look to the jurisdiction of the court granting the order of sale; but the truth of the record concerning matters *within* its jurisdiction can not be disputed, and it has been sanctioned in many recent cases, and must be adhered to as a rule of property.

A PPEAL from the Civil District Court for the Parish of Orleans. *Voorhies, J.*

*Aug. Bernau* for the Executor, Appellee:

Real property sold by the administrator of a succession at public auction, under an order of court obtained on his sworn representations that there are debts due, and where it appears that there is only one piece of property belonging to the succession, that no minors are interested therein; that the proceedings on their face were regular and the court had jurisdiction; the purchaser of such property is in such case fully protected by the order of court directing the sale. 41 An. 902, Sucession of Lehman; 42 An. 896-897, Sucession of Romero; 39 An. 67, Webb et al. vs. Keller; 40 An. 620, Lehman, Abraham & Co. vs. Worley Administrator; 34 An. 1004, Thos. Nesom vs. Julius Weis et al.

Though a purchaser of real property sold under an order of court may examine the proceedings, in order to ascertain whether on their face the same are really what they purport to be, and are not partition proceedings intended to deprive minors of all their property, without observing the requirements of the law and under the disguise of a sale to pay debts (as held in the Succession of Dumestre, 40 An.), yet nevertheless, where such proceedings on their face appear to be regular and it appears that in the lower court, the question whether the succession required administration was affirmatively decided by the court which appointed the administrator and directed the sale of the property—a purchaser of such property can not be permitted to inquire into the sufficiency of the evidence adduced before the court, which directed the appointment of the administrator and the sale of the property to pay debts.

*Ernest J. Wenck* for Defendant and Appellant:

1. Although a purchaser may be protected by the order of a court directing a sale in a matter over which it has jurisdiction, yet he has the right to inquire into the validity of the proceedings and conducive to the order of sale to ascertain whether, under the showing made, the court had the power to make the order. His refusal to comply with the adjudication may be justified whenever the order of sale and the proceedings instituted to procure it are on the face of the papers unwarranted by law. 40 An. 571, Succession of Dumestre.

2. A purchaser at a judicial sale, who, before paying the price or entering into possession of the thing purchased, discovers illegalities in the proceedings which have led to the sale, calculated to throw a cloud upon his title, may refuse to execute the purchase. 9 An. 560; 16 An. 420; 40 An. 571.

3. The doctrine that a purchaser at a judicial sale is protected by the decree which ordered the sale, and not bound to look beyond it, is not applicable to the case of a purchaser at a judicial sale who, before paying the price or entering into possession of the thing purchased discovers illegalities in the proceedings which have led to the sale, calculated to throw a cloud upon his title. In him there is a *locus penitentiæ* afforded by the misconduct or negligence of those with whom he has contracted, and who are the warrantors of his title. The presumption, *omnia vita acta fuisse*, created by law for his protection, can not be invoked against him as an estoppel, although available to throw the burden of proof upon him of the illegalities of which he complains. Same authorities.

4.  When it appears that the deceased left no debts, no creditors demand an ad-
    ministration, and the administrator, or other representative of the succession,
    being appointed, provokes a sale to pay debts, which, upon the face of the
    record, even if due, are created a long time after the death of the owners, and
    are incident to the real estate, such as taxes and insurance, the sale will be
    held unwarranted, and in effect a proceeding in partition. In such case, an
    adjudicatee will not be forced to comply with the terms of such adjudication.

The opinion of the court was delivered by

WATKINS, J.    Augusta Theze and Marcel Theze, being joint owners
of the lot and property, with improvements, situated at No. 308
Decatur street, city of New Orleans, a one-half undivided interest
was inventoried in *each* of their successions, which were separately
administered—one by an executor and the other by an adminis-
trator.

Upon proper representations of the respective legal representa-
tives of said successions, the proper judge granted two separate
orders for the sale of said respective interests in said property, to
pay debts of said successions, said sales being fixed for the same
date, and were to be made on like terms.

Subsequently, the two *mortuariæ* were cumulated and afterward
treated and dealt with as one succession, and in this situation the
sale was made and the property adjudicated to George Sick, at the
price of $3400.

He having declined to accept title, said representatives ruled him
to show cause why he should not comply with the terms of the
adjudication, and, on the trial, his objections being found and
adjudged untenable, said adjudicatee has appealed.

The grounds relied upon by defendant in rule are that the said
successions, nor either of them, owed any debts, and there was no
necessity for either an administration thereof or for the sale of the
said property.

As a fact, it appears that the public administrator petitioned the
court to be appointed administrator of one of said successions and
dative testamentary executor of the other.

That this application was opposed by Henry Theze, an heir of the
deceased, the ground of his resistance being that said deceased, nor
their successions, owed any debts, and there was no necessity for
an administration thereof, and if an administration was deemed

necessary, opponent was entitled to be preferred in receiving appointment.

His opposition appears to have been overruled, on the ground first stated, and sustained on the other, he having been qualified and confirmed, and is now acting as administrator and executor.

As the proceedings appear to have been perfectly regular and as the court evidently had jurisdiction of the *res*, the objections of the adjudicatee do not appear to be jurisdictional, and are, therefore, unavailing to him.

We have so decided in many cases. .

It has long been the settled jurisprudence of this court that a purchaser at a judicial sale is held bound to "look to the *jurisdiction* of the court granting the order of sale, but the *truth of the record* concerning matters *within* its jurisdiction can not be disputed." 14 La. 146; 15 La. 182; 7 R. 66; 7 An. 468; 14 An. 154; 26 An. 596; Webb vs. Keller; 29 An. 536; Frazier vs. Zyleck; 31 An. 280; Heineman vs. Janney.

Also, that the "purchaser at a judicial sale of property of the succession is not bound to look further back than the order of the court directing the sale." Succession of Hubard, 18 An. 485; Woods vs. Hilliard Lee, 21 An. 505; 11 R. 72; 16 La. 440; Nesom vs. Weis, 34 An. 1004.

This doctrine has been repeatedly affirmed in more recent cases. Webb vs. Keller, 39 An. 55; Linman vs. Riggins, 40 An. 761; Succession of Lehman, 41 An. 987: Gale vs. O'Connor, 43 An. 413.

Our understanding of the adjudicatee's defence is that the record is, in effect, *untrue* in its statement that the successions of the two decedents owed debts, necessitating an administration and sale. As such, it certainly and evidently invades the rule just announced, that "the *truth of the record* concerning matters within the jurisdiction of the court" granting the order of sale "can not be disputed."

In Webb vs. Keller, 39 An. 55, we maintained the validity of a sale made under an order of court, which had not been preceded by a tableau or statement of debts, and held that debts placed upon a tableau *subsequently* filed and homologated by the judgment of a competent court were sufficient, because that was "a mere *irregularity*, and did not challenge the proceedings as null and void."

It is true that that suit was a revocatory action against an *adjudi-*

*catee in possession;* but in Succession of Byrne, 38 An. 518, a suit⋅ like the instant one, we made a similar ruling, stating:

" We do not regard the alleged *irregularities*, in the partition, of such a character as to cast a cloud upon the title of Madeline and John Bligh Byrne, in the sense of Gasson vs. Palfrey, 9 An. 560, and Succession of Webber, 16 An. 420.  Indeed, the respondent urges no complaint of *their title* at all; his complaints are of *irregularities* in the partition *proceedings* alone."

True it is that this court did hold, in Succession of Dumestre, 40 An. 572, that " although a purchaser may be protected by the order of court directing a sale in a matter over which it had jurisdiction, yet he has the right to inquire into the validity of the proceedings, conducive to the order of sale, to ascertain whether, under the showing made, the court had the *power* to make the order."

But we had occasion to examine that decision in reference to a suit like the instant one, in a subsequent case, and we said of it that it appeared that " minors had an interest in the property," and that, therefore, " we viewed it as a partition proceeding in disguise, without the prescribed forms of law having been attended to, and that its covert purpose was to divest, illegally, the title of the minors."  Succession of Lehman, 41 An. 987.

Of course, the judge had no authority to thus order a sale *in globo* of minors' property, for the purpose of a partition of a succession composed of *sundry properties*, the proceeds of the sale largely exceeding the debts due, and the result of which was to leave the surplus in the hands of a tutor dispensed from bond.  That was an extreme case—one *sui generis*.

But in the successions of Auguste and Marcel Theze there is but⋅ a single piece of property—that under consideration—which owed some small debts and the costs of administration.  There is not shown to have been any cash in the hands of the legal representatives thereof, nor any revenues wherewith to discharge the same, and the heirs were of full age.  There exists no parallel between the two cases.

After looking into the question very carefully, our judgment is convinced that the district judge correctly made the rule on the adjudicatee absolute.

Judgment affirmed.