Statement of the Case.
BREAUX, J.
The applicant complains of a judgment rendered by the Court of Appeal affirming a judgment of the district court, which rejected his demand against the intervener in the case.
Applicant held a mortgage, which he sought to foreclose.
Mrs. Mary Flynn, wife of Joseph H. Dreyfus, became a party to the foreclosure (claiming the proceeds of the contemplated sale) by way of intervention and third opposition.
The mortgage held by the applicant was executed by Edward J. Flynn, father of Mary Flynn, opponent, on the 24th March, 1899.
At the death of his wife in the year 1885 the surviving husband, Edward J. Flynn, obtained letters of administration, but he did not have himself recognized by the court as tutor of his minor children.
The inventory shows that the property consisted of personal effects amounting to $343, and real estate to $6,100, all belonging to the community between him and his late wife.
In March, 1886, Edward J. Flynn, survivor in community, as administrator, petitioned the court for an order of sale to pay the debts of the succession: The allegation of the petition was general that there were debts. The petition was not sworn to, and no attempt was made to satisfy, the court of the existence of any indebtedness further than the list of asserted debts, forming part of the petition. The following is the list in question:
(1) $2,000, with interest at 8 per cent, from 25th July, 1884, in two mortgage notes on Chippewa property.
(2) $465 mortgage on Fulton property, with interest at 8 per cent, from September, 1884.
(3) Say $500 doctors’ bills, funeral expenses, taxes, and costs.
A portion of the property was sold at the time. After the sale matters remained in statu quo until the year 1893, when another petition was filed for an order of sale. The administrator alleged that his efforts to pay debts without another sale of the property had'been unavailing, and that there was an urgent necessity for a sale. There is a list of debt appended to this (second) petition. It *832 also is not sworn to nor sustained by any proof.
The first petition of intervener’s father for the administration of the succession sets forth that there are debts. This petition is sustained by an oath setting forth that there are debts of the succession.
The following is a list of debts forming part of the second petition addressed to the court for a sale to pay debts:
Approximate Statement of Debts.
Expenses of medical attention..................$ 225
Funeral expenses ................................ 105
City and state taxes.............................. 565
Mortgage debt, still unpaid and interest....... 1,090
Repairs to property.............................. 250
Insurance ........................................ 376
Various outstanding debts other than mortgage ............................................ 250
Costs and expenses of succession................ 300
53,161
The property was sold at public auction for cash, or on time, at the option of the purchaser; that is, one-half or more cash, at the purchaser’s option, and balance on time, as stated.
Prior to intervening in this suitj Mrs. Dreyfus had moved the court for an order to compel the father, the administrator, to file an account.. The order was issued, but has remained since unexecuted by the administrator.
Applicant controverted intervener’s demand on the ground that the order of sale was regular in form to pay debts; that Edward J. Flynn had the right to buy at the sale of the community property in his wife’s succession, and that his purchase afterward by him as administrator did not affect his (applicant’s) right; that an administrator may purchase at the sale of the effects of the deceased whose estate he may represent, when he is the survivor in community.
Opinion.
The failure of the father of intervener and third opponent, Mrs. Dreyfus, to qualify as her tutor prior to applying to the court for an order to pay debts of the community after the death of her mother is not an informality which can be successfully urged against the adjudicatee of the property which is sold to pay debts.
The tutor was not a necessary party. The law does not require an administrator who petitions for an order to pay debts to see to it that the beneficiary heirs are cited to show cause why the property should not be sold to pay the debts.
Nor does the law require an administrator, prior to obtaining the order to sell in order to pay debts, to have a family meeting called to fix the terms of the sale. Carter v. McManus, 15 La. Ann. 677.
The heirs of a succession, to the extent that there are debts, have only an eventual right. The administrator fully represents the succession. In Succession of Lehmann, 41 La. Ann. 987, 7 South. 33, it was held that the legal representative of the succession has the right to cause property to be sold to pay debts.
The heirs are not entitled to notice in proceedings to sell property to pay debts.
From the authorities we glean that the adjudicatee of property of a sale made to pay debts is not bound to concern himself as to whether the minor heirs are represented or uot by a tutor. It is an omission on the part of the survivor in community, who fails to thus qualify, for which a third person is not to be held in any manner as bound.
The intervener and third opponent has not directly charged in her petition that there were no debts upon which to base an order of sale to pay debts, but charged that the sale was a simulation, as the adjudicatee had not paid the price; and, further, that the different sales which followed the adjudication were also unreal and simulated. However true this may be, the third person — Irwin, the mortgagee — who became mortgagee years after these simulations had taken place, who was absolutely without notice, who knew nothing of the devious wrays that had been followed in order to conceal the true character of the transaction, can scarcely be held accountable, and his right, based upon the faith to be reposed in public records, taken from him.
The purchaser is not bound to look beyond the decree of a court of competent authority recognizing the necessity of the sale.
“It is no longer an open question that a purchaser at a sale under the order of a probate court, which is a judicial sale, is not bound to look beyond the decree recognizing its necessity. He must look to the adjudication of the court, but the' truth of the record concerning matters within its jurisdiction *834 cannot be denied.” Neson v. Weis et al., 34 La. Ann. 1010.
It results that, though the adjudicatee may not have paid the price, owing to some connivance between him and the administrator, of which the mortgagee knew nothing, it (the failure to pay) does not prejudice his right.
If it be the intention to charge that these simulated acts were resorted to in order to enable the administrator to become the owner of the property, this charge can be of no avail against this mortgagee, for the reason that the property was community property. If Edward J. Flynn himself had bought direct at the succession sale, his purchase would hare been perfectly valid. Rev. Civ. Code, art 1146.
Selling to others, as was done, did not render the sale the less valid, even though the administrator did not see fit, for reason best known to himself, to require the price.
With reference to this price in the deed by the administrator to the adjudicatee which followed the adjudication, the declaration was inserted that the price was paid cash. This declaration affords no ground of complaint against a third person. The advertisement left it to the purchaser to pay cash, or so much thereof as he chose. It follows that there was no violation of the terms of the advertisement. The declaration was that all was paid. If it was not, it does not concern third persons. ‘
This advertisement gave to the adjudicatee the opportunity to pay as much cash as he chose.
In argument learned counsel for the intervener and opponent, Mrs. Dreyfus, insists that there were no debts, and that the order of sale issued without the least necessity therefor.
We have already said that the buyer is not bound to look beyond the order of court. Munday v. Kaufman, 48 La. Ann. 591, 19 South. 619.
The question arises, should an exception be made when the administrator, for purpose of his own, forgets the truth, and avers that there are debts when there are none? In answer we propose to be governed by the principles of jurisprudence and the rules of property heretofore laid down in decisions upon the subject.
We have said, and it is amply supported by repeated decisions, that the truth of the record concerning matters within the court’s jurisprudence cannot be questioned.
In Webb v. Keller, 39 La. Ann. 55, 1 South. 423, in deciding a similar question, the court employed the language following: The complaint made of the order of court directing the sale on the ground that the estate of Dr. Webb owed no debts, or, if it did, none had been recognized and proved before a family meeting or the court, does not go to the court’s want of jurisdiction. The proceedings were not null and void. Similar view was expressed in a stronger case. Linman v. Riggins, 40 La. Ann. 765, 5 South. 49.
The objection was in another case that there were no debts, and that, therefore, the-sale was null and void. The court reviewed: the question at some length, citing a number of decisions, reiterating the expression that a purchaser is only bound to the jurisdiction of the court and to the regularity of proceedings on their face. Succession of Theze, 44 La. Ann. 49, 10 South. 412.
The Dumestre Case, 40 La. Ann. 571, 4 South. 328, is referred to in this decision as one not in point. It is “an extreme case-one sui generis.”
We have seen that the administrator had sworn in his application for the administration of the succession of his late wife that, there were debts due. True, in the petition', for the sale to pay debts, he avers different-, amounts due, but failed to swear to his averment. The only evidence on the trial was-that of the administrator to show that there-were no debts at the time that he (the administrator) made application for the sale. He can scarcely be heard to undo the order-issued at his instance. Such Penelope-like? work cannot be sustained. - ^
This would scarcely justify a ruling that an oath is all-sufficient to vest the sale with validity, and that, if the petition had been sworn to, the sale would have been valid.
The administrator is expected to make truthful allegations. The property was community represented by the administrator. The husband was absolutely bound for the payment of the debts, and if he has failed in duty, as relates to the debt, he, as administrator, is responsible on his bond. Civ. Code, art. 2404; Hawley, Adm’r, v. Bank, 26 La. Ann. 232.
*836 At all events, we must presume that tlie judge who signed the order had before him at the time he granted it sufficient'showing and evidence to authorize it, and that it, in consequence, is legal.
The proceedings are collateral. We limit our decision to holding that the proceedings are not absolutely null, and that the intervention and third opposition should be dismissed.
It is therefore ordered, adjudged, and decreed that the judgments of the court of appeal and the district court in this case, are annulled, avoided, and reversed.
It is further ordered, adjudged, and decreed that the intervention and third opposition of Mrs. Dreyfus is dismissed, as in case of nonsuit, at her costs in both courts.