Statement of the Case.
MONROE, J.
The children of Marcel Granger bring this petitory action to recover 160 acres of land, lying in the parish of Calcasieu, which were sold by order of court, in the succession of their father in 1889, to pay debts, the facts disclosed by the record being as follows, to wit:
Marcel Granger died in May, 18S0, leaving a widow and six minor children, and another child, born, say, in December, after his death, and leaving a very small estate, including the land here in dispute. In 18S9 the widow represented to her son-in-law, O’Neil Lognion, “that she could not pay the taxes, and had nothing with which to raise the children,” and requested “that the property be converted into money in order that she might educate and raise the children,” whereupon Lognion consulted a reputable member of the bar, at whoso instance a petition was presented to the dis *1048 trict court alleging the death of Granger, also alleging that his estate required administration, and praying for an inventory and the appointment of an administrator; and the inventory was made, and after due proceedings, and upon his giving bond, the petitioner was appointed administrator, and qualified as such — the entire estate, as inventoried, consisting of the 160 acres of land here claimed, which were appraised at $240. Thereafter, in January, 1890, the administrator presented a petition alleging “that the surviving widow of said deceased * * * has presented her claim against the said succession, as a widow in necessitous circumstances, for the sum of $1,000, which said claim has been accepted by your petitioner. * * * That the said succession is indebted to A. R. Mitchell, attorney at law, for services rendered in said succession, in the sum of $25, and to O. D. Welsh, notary public, in the sum of $10; to the ‘Welsh Orescent,’ printer’s fee, $5; to the clerk of court,-. * * * That, in order to pay all of the above claims, which are privileged, it will be necessary to sell the above-described tract of land,” etc.
And the land in question was accordingly ordered to be sold, and on February 25, 1890, after, due advertisement, was sold in 40-acre tracts to D. Hébert and S. Marquart for a total of $179, which was paid in cash, the proceeds, less the expenses of administration, being subsequently turned over to the widow.
In December, 1890, I-Ié.bert and Marquart sold 40 acres of the land so purchased to C. Shellhase, and, on February 15, 1803, they sold 80 acres to P. A. Keenan, in whose succession it was sold, by order of court, to pay debts in October, 1900, to A. D. McFarlain, by whom it was sold on December 23, 1900, to Jacob N. Albright, who in March, 1902, sold it to Lulu M. Albright and S. M. Conklin. As to the remaining 49-acre tract, Mar-quart appears to have conveyed his interest in it to D. Hébert in April, 1895, so that (S. W. % of N. E. % of Sec. 10, T. 11 S., R. 4 W.) is the only portion of the property sued for now in the hands of the original adjudicatee, who, as the evidence shows, purchased in absolute good faith and in reliance upon the regularity of the proceedings and the sufficiency of the order under which the sale was made. The grounds upon which plaintiffs attack the titles thus acquired are that the petition for administration failed to allege' that there were minor heirs or debts, and failed to show why an administration was necessary; that, in point of fact, there were no debts, save those incurred by the administrator, and the property in question was not the property of the succession, but belonged to petitioners, as the children and heirs of Marcel Granger, and as petitioners were minors could not legally have been sold save upon the advice of a family meeting and after the appointment of some one to represent them; that the sale was made with the fraudulent intent to deprive them of their property; that the petitioner’s father had been dead for ten years and had left no debts, and that defendants bought knowing that their title would be vicious; that petitioners have never received one cent of the price of said property.
The widow Granger appears for the purpose of declaring that she has appropriated the movables, as her share of the community property, and has no interest in the immovable property claimed by her children.
Defendants allege good faith, invoke the protection of the judicial proceedings in which the sale was made, and plead the prescription of 5 and 10 years.
Opinion.
It is undisputed that Marcel Granger lived and died in the parish of Calcasieu, and that the property in question, constituting part of his estate, is situated in that parish; and it is indisputable that the district court for the parish of Calcasieu was vested with jurisdic *1050 tion with respect to the opening and settlement of his succession. Whether, therefore, upon the showing made, it was proper to appoint an administrator, and whether, upon the petition presented by the administrator whom the court appointed, it was proper to order the sale of the land in question, as the property of the succession, were questions which the judge of that court was there to decide, which no one but he could decide, and the determination of which, necessarily, preceded the making of the order under which the sale was made. “The court had jurisdiction, and its decree protects the purchaser-’ in the absence of fraud, alleged and proved. Succession of Gurney, 14 La. Ann. 622. “The purchaser, at a sale made at'public auction, under an order made by a judge having jurisdiction of the succession, is not bound to look beyond such decree in order to ascertain its necessity. He is bound only to ascertain that the judge had jurisdiction, and, finding that he'had, the truth of the record in other respects may be assumed.” Webb et al. v. Keller et al., 39 La. Ann. 55, 1 South. 423: Linman et al. v. Riggins, 40 La. Ann. 761, 5 South. 49, 8 Am. St. Rep. 549; Succession of Thomas, 114 La. 693, 38 South. 519; Munday v. Kaufman, 48 La. Ann. 591, 19 South. 619.
“Where the object of the sale of succession property is the payment of debts, citation to the heirs and the advice of a family meeting are not required by law.” Carter v. McManus, 15 La. Ann. 676; Irwin v. Flynn, 110 La. 829, 34 South. 794.
Counsel for plaintiffs predicates his argument upon certain elementary propositions, viz., that the heir is called to the inheritance immediately upon the death of the person to whom he succeeds; that a succession falling to a minor is accepted with benefit of inventory,' by operation of law; that the immovables of a minor cannot be alienated, save in compliance with the conditions prescribed by law; that, upon the dissolution of a community, owing no debts, the heirs of the deceased spouse become the owners of the interest of such spouse in the immovables of the community ; and that a tutor, administering, cannot sell such property belonging to his minor wards, to pay debts incurred by him for the purposes of his administration. He also suggests that it is only in insolvent successions that the $1,000 allowed the widow, under Rev. Civ. Code, art. 3252, can be claimed, and that “the necessitous circumstances of a widow are to be determined by her circumstances during her husband’s life.”
The argument built on these propositions, and upon the assumption that the succession of Marcel Granger owed no debts, is that, owing no debts, it required no administration, and the minor children became, at once, the owners of the property. But the questions whether it owed debts, and whether it required administration, were judicial questions, which the district court alone was authorized to determine, and its judgment upon which constituted the basis of its order for the sale here attacked.
It is true that the finding of the court, as to the existence, amount, and character of the debts, is not, when so made, conclusive, for all purposes, but, under the settled jurisprudence of this court, it is so far conclusive as to protect a purchaser of property, sold to pay debts, who buys in good faith and in reliance upon such finding and upon the order of sale predicated thereon.
The judgment appealed from is therefore affirmed.
BREAUX, C. J., and PROVOSTY, .1., concur.