51 So.2d 390

**KEY v. SALLEY et al.**

No. 39777.

Feb. 12, 1951.

Harvey G. Fields, Farmerville, for defendants-appellants.

Armand F. Rabun, Farmerville, Fink & Fink, Monroe, for plaintiff-appellee.

PONDER, Justice.

We granted a review in this case because we entertained some doubt as to the jurisdiction of the lower court in the administration proceedings after the widow and heir had been placed in possession of the effects of the succession.

Mrs. Birdie Fomby Key, the surviving widow of William Frank Key, petitioned the court on April 5, 1945 to place her and her son in possession of the estate of the deceased, consisting of two tracts of land containing 81 acres situated in Union Parish, with the reservation of the widow's right to administer the succession and claim the widow's dowry. She asked for a curator ad hoc to be appointed to represent her absent son. On the same date, the lower court signed an order recognizing the widow as the surviving spouse and ordered her and her son placed in possession of the property reserving the widow's right to claim a dowry or apply for letters of ad-

ministration should she so desire. Thereafter, on April 14, 1945, the widow petitioned the court for letters of administration, alleging that debts were owed by the succession and that she was entitled to the widow's dowry. She was duly appointed administratrix and letters of administration were issued to her. An inventory was taken of the property and after due proceedings the property was sold under judgment of court to pay the debts of the succession. One of the tracts of land, containing 40 acres, was acquired by H. H. Albritton at the sale, which was later sold by Albritton to Fred Hutto, Jr. The other tract of land, containing 41 acres, was acquired by C. T. Salley at the administratrix's sale, which was later sold by Salley to Patrick L. Goodrum. Mineral leases were granted to the defendant, Union Carbon Company, by the purchasers of the land. The plaintiff, William Sherman. Key, the son, brought the present suit against the purchasers of the property at the administratrix's sale, their transferrees and the lessees seeking to set aside the administratrix's sale, subsequent sales and leases. The lower court gave judgment in favor of the plaintiff annulling the sales and leases. The Court of Appeal for the Second Circuit reversed the judgment and dismissed plaintiff's suit. The plaintiff applied for and obtained a review.

■■ It is well settled that a succession terminates when heirs are placed in possession of the estate. The succession

ceases to exist after the heirs are placed in possession and the property becomes the common property of the heirs as co-owners. Beauregard v. Lampton, 33 La.Ann. 827; Mahoney v. Perkins, 166 La. 730, 117 So. 810; Fabacher v. Fabacher, 214 La. 940, 39 So.2d 426. Under the jurisprudence of this state, a purchaser at a judicial sale is held bound to inquire into the jurisdiction of the court granting the order of sale, but the truth of the record concerning matters within its jurisdiction cannot be disputed. Granger v. Hebert, 121 La. 1045, 46 So. 1012; Succession of Theze, 44 La. Ann. 46, 10 So. 412; Beale v. Walden, 11 Rob. 67; Webb v. Keller, 26 La.Ann. 596; Fraser v. Zylicz, 29 La.Ann. 534; Weydert v. Anderson, 157 La. 577, 102 So. 676; Webb v. Keller, 39 La.Ann. 55, 1 So. 423; Linman v. Riggins, 40 La.Ann. 761, 5 So. 49; Irwin v. Flynn, 110 La. 829, 830, 34 So. 794; Nesom's Heirs v. Weis, 34 La.Ann. 1004, 1010; Thibodaux v. Barrow, 129 La. 395, 56 So. 339.

■ We only recently pointed out that a judgment rendered by a court without jurisdiction is an absolute nullity and may be attacked at any time, citing authorities to that effect. Buillard v. Davis, 185 La. 255, 169 So. 78.

■■ If the judgment placing the widow and heir in possession of the property was valid, the lower court would not have had jurisdiction to entertain the administration proceedings or order the sale of the property. However, the judgment placing

the widow and heir in possession of the property contained a reservation to the widow to administer the property or claim the $1000.00, should she so desire, is an absolute nullity and is not such judgment as authorized by law. Under the provisions of our civil code there are two ways in which a succession can be accepted, simple, or with benefit of inventory. A succession cannot be accepted in part, Article 986, R.C.C. "A succession can neither be accepted nor rejected conditionally," Article 1016, R.C.C. It was pointed out in Vuillemot v. Gonsulin, 17 La.App. 661, 134 So. 419, after a review of the jurisprudence of this court, that there may be an unconditional acceptance of a succession, but that it must appear in terms so clear and distinct as to leave no doubt as to the real intention of accepting the full responsibilities that attach to a simple acceptance. In other words, it must be such as to assume the burdens of the estate.

■ Since we have concluded that the judgment purporting to place the widow and heir in possession of the property is an absolute nullity, the lower court had jurisdiction of the administrative proceedings and had authority to order the sale in pursuance thereto. Under the authorities heretofore recited, the purchasers of the property are not required to look beyond the order of sale.

The other contentions advanced by the plaintiff were correctly determined by the Court of Appeal. We express no opinion as to the statement made by the Court of Appeal that the case of Claudel v. Palao, 28 La.Ann. 872 may be considered as having been impliedly overruled by later jurisprudence. It is not necessary, for the purpose of this decision, to pass on the question of whether a widow is foreclosed from claiming the $1000.00 as a widow in necessitous circumstances after she has once been placed in unconditional possession of the property of a succession for the reason that the judgment under consideration purporting to place the widow and heir in possession of the estate is an absolute nullity and can be given no effect.

For the reasons assigned, the judgment of the Court of Appeal for the Second Circuit is affirmed at plaintiff's cost.