SARTAIN, Judge.
In this paternity suit, defendant now appeals from a judgment of The Family Court for the Parish of East Baton Rouge declaring him to be the father of petitioner’s child. Prior to the trial on the merits defendant filed two exceptions, a *83 declinatory exception questioning the court’s jurisdiction over the subject matter and one which he entitled “Exception of No Right of Action” contesting the procedural capacity of the plaintiff to institute and maintain the suit itself. The declina-tory exception was properly overruled as Article 7, § 53(A) (7) of the Louisiana Constitution specifically vests The Family Court with authority to hear suits to establish the paternity of children.
The second exception though entitled "An Exception of No Right of Action”, which is peremptory, is really an exception to procedural capacity, which is dilatory. We will treat it as such because an exception is classified for what it actually is and not according to its title. Article 683 of the Code of Civil Procedure states that an unemancipated minor does not have the procedural capacity to sue. C.C.P. Art. 700 provides that when a plaintiff sues as a legal representative his authority or qualification is presumed unless challenged by the defendant by the timely filing of the dilatory exception. When so challenged, the plaintiff must prove his authority on the trial of the exception. Objections raised by a dilatory exception includes among others lack of procedural capacity on the part of plaintiff. C.C.P. Art. 926(6).
While it is true that Article 927, (pertaining to peremptory exceptions) provides for objections of “no right of action, or no interest in the plaintiff to institute the suit”, the instant exception is directed against plaintiff’s failure to qualify as her son’s tutrix as provided for in C.C.P. Art. 683. Additional grounds expressed in the exception is that plaintiff failed to adhere to the requirement of Article 4431 of the Code of Civil Procedure which states that the proper person to sue to enforce a right of an illegitimate child is the tutor appointed by a court of this state.
The trial judge erred when he failed to sustain defendant’s second exception which for reasons above stated is dilatory in nature. Accordingly, we must reverse the judgment rendered and remand this cause to permit the plaintiff to remove the defect by amendment of the petition. C.C.P. Art. 933.
The facts upon which a decision on the dilatory exception of lack of procedural capacity is based are not in dispute.
Sam Fernandez Jackson was born out of wedlock to plaintiff on November 15, 1966 at the Charity Hospital in New Orleans. Plaintiff, alleging herself to the natural tu-trix of the child, instituted this suit on February 1, 1968 individually and on behalf of her child. She had not at this time actually qualified as her son’s tutrix. Therefore, on July 5, 1968, defendant filed the instant exception. In an attempt to cure the exception, plaintiff applied to and received from the 19th Judicial District Court, Parish of East Baton Rouge, Letters of Tutorship dated July 11, 1968.
On September 19, 1968 defendant then instituted suit in the 19th Judicial District Court seeking to have its judgment of July 11, 1968 declared a nullity on the grounds that at the time of the tutorship proceedings neither plaintiff nor the child was residing in the Parish of East Baton Rouge as required by Article 4031 of the Code of Civil Procedure.[1]
Defendant also, on September 19, 1968 filed a motion in The Family Court for a stay of proceedings in the paternity suit until such time as the district court had ruled on the nullity action. The judge of *84 The Family Court on September 23, 1968 denied the motion to stay as well as “defendant’s other motions”. Defendant then filed an answer in the nature of a general denial together with other specific defenses and particularly reserved all of his rights under the previously filed exception.
The case was heard on the merits on September 28, 1968 and at the conclusion thereof was taken under advisement.
The record does not reflect that there was any hearing on the exception. Whether or not the judgment of September 23, 1968 which denied defendant’s motion to stay and “other motions” included the exception, we cannot tell. However, the trial judge proceeded to hear the issue of paternity on the merits and rendered written reasons in favor of the plaintiff on January 31, 1969 which stated in part:
“ * * * This Court must assume the letters of of (sic), tutorship therein issued were properly issued by said Court; and although this Court now understands from argument of counsel that such tutorship proceedings are currently under attack in the 19th Judicial District Court, the letters of tutorship must be regarded as valid as of this time.”
Judgment, in accordance with these written reasons, was signed on February 5, 1969. We conclude that the trial judge’s denial of defendant’s motion to stay and his above quoted remarks relative to the validity of the Letters of Tutorship constitute a denial of defendant’s exception. Defendant reurges the exception here on appeal.
It is conceded in briefs by all parties that on May 5, 1969 the 19th Judicial District Court entered a judgment nullifying its previous judgment of July 11, 1968 and the Letters of Tutorship issued pursuant thereto. Prior to this judgment and on March 18, 1969 plaintiff obtained Letters of Tutorship from the 29th Judicial District Court, Parish of St. Landry. Her counsel has attached to her brief copies of both judgments of tutorship. A review of the pertinent dates mentioned above shows that the second Letters of Tutorship were obtained after this case was heard on the merits and an appeal taken therefrom but before the judgment of the 19th Judicial District Court of May S, 1969 decreeing the previous judgment of tutorship a nullity.
We cannot accept documents filed for the first time on appeal as they are not a part of the record. However, this point is of no consequence to a determination of the issue at hand, i. e., whether or not at the time of the trial on the merits plaintiff had procedural capacity to institute and maintain the principle action.
Article 4031 of the Code of Civil Procedure[2] clearly requires that in cases involving illegitimate children, a petition for the appointment of a tutrix for such child shall be filed in the parish where the minor resides.
Assuming arguendo that the exception was heard and evidence introduced (which was not reported) and defendant failed to establish during the hearing on the exception that the child had not resided in the Parish of East Baton Rouge, the record now before us reflects that Sam Fernandez Jackson, since his birth, has resided with plaintiff’s parents in Opelousas, St. Landry Parish, Louisiana, and at no time resided in the Parish of East Baton Rouge. Undoubtedly, this same information would have been available if evidence had been taken on the exception. Be that as it may, plaintiff’s pleadings are still defective because there was not attached to nor made a part of her petition the first Letters of Tutorship clothing her with presumptive procedural capacity. These letters, as stated above were only presented to this court on appeal.
Had the Letters of Tutorship issued by the 19th Judicial District Court *85 been made a part of this record, the trial judge would have had every right to assume that they were properly issued until such time as their validity was questioned and it became clear that the court which issued them lacked jurisdiction. When the issue was timely raised, as it was here, that the plaintiff was acting under Letters of Tutorship issued by a court of improper jurisdiction, it behooved the judge a quo to permit plaintiff the opportunity to properly qualify as her son’s tutrix.
In Hammond v. Gibbs, 176 So.2d 465 (2d La.App., 1965) is an exhaustive review of the jurisprudence relative to the appointment of tutors and the legal effect thereof when the appointment is put at issue. In Hammond, the question was squarely presented as to whether or not the District Court for the Parish of DeSoto could question a judgment of the District Court of Caddo Parish appointing a tutor to represent a minor who brought a petitory action in DeSoto Parish. The District Court of DeSoto Parish concluded that the minor was not a resident of Caddo Parish and therefore the appointment by the Caddo Court was a nullity. In affirming the decision of the District Court, the court stated: (176 So.2d 465,468)
“The situation here is controlled by the rule, well established in the jurisprudence, that a judgment rendered by a court without jurisdiction is an absolute nullity and that such nullity may be invoked by anyone against whom and whenever it is asserted. Decuir v. Decuir, 105 La. 481, 29 So. 932 (1901); Buillard v. Davis, 185 La. 255, 169 So. 78 (1936); Key v. Salley, 218 La. 922, 51 So.2d 390 (1951); Tracy v. Dufrene, 240 La. 232, 121 So.2d 843 (1960); Mack Trucks, Inc. v. Dixon, 142 So.2d 605, La.App., 4th Cir. 1962. In Buillard v. Davis, supra, the court emphasized the rule when it stated:
‘In the case of Decuir et al. v. Decuir et al., 105 La. 481, 29 So. 932, 934, we held that if a court “which rendered the judgment and ordered the sale upon which defendants herein rely, was without jurisdiction ratione ma-teriae to entertain the suit, the judgment and the sale predicated upon it are absolute nullities, — the judgment never existed as a judgment.” [Emphasis supplied.]
And in the opinion it is stated:
“Tf a judgment be an absolute nullity, this nullity may be invoked by any one against whom it is interposed, at any time and anywhere. * * * ” (Italics ours)’ ”
While the cited case was governed by the articles of the old Code of Practice, the subsequent enactment of our Code of Civil Procedure has not made a basic change in the law relative to the appointment of a tutor. As a matter of fact Article 44 of the Code of Civil Procedure specifically provides that the venue provided in Article 4031 may not be waived.
We have examined the authorities cited by counsel for plaintiff which stand for the proposition that the appointment of a tutor cannot be collaterally attacked. These authorities are inapplicable to the instant exception because the jurisdiction of the appointing authority in the cited cases was not questioned.
As we have stated above the exception filed by defendant is dilatory instead of peremptory and therefore relates to form rather than substance. Form by virtue of the fact that plaintiff could qualify as the natural tutrix of her minor child but actually failed to do so and not one of substance which would encompass some legal impediment to her appointment which would forever bar her from the right to qualify as her son’s tutrix and therefore perpetually foreclose any interest on her part to institute this type of suit. Accordingly, it appears to us that the matter should be remanded in accordance with C. C.P. Art. 933 to permit the plaintiff to amend her petition by attaching thereto *86 proper Letters of Tutorship establishing her procedural capacity to maintain this suit. Having once cleared this hurdle, the trial judge may then rule on the merits after which the aggrieved party may appeal.
For the above and foregoing reasons the judgment of the district court in favor of the plaintiff and against the defendant is set aside and defendant’s dilatory exception of lack of procedural capacity is hereby sustained and this matter is remanded for further proceedings in accordance with the views expressed herein. The costs of this appeal are assessed against plaintiff. All other costs are to await a final determination on the merits.
Reversed in part and remanded.

. “Art. 4031. Minor domiciled in the state
A petition for the appointment of a tutor of a minor domiciled in the state shall be filed in the district court of the parish where the surviving parent is domiciled, if one parent is dead, or in the parish where the parent or other person awarded custody of the minor is domiciled, if the parents are divorced or judicially separated.
In all other eases, the petition shall he filed in the parish where the minor resides.” (Emphasis ours)

. See Note 1, supra.